## John Jones v. The State.

### No. 3102. Decided January 18, 1905.

**1.—Assault With Intent to Murder—Short Hand Facts.**

It is permissible for a witness to state the appearance of the accused at the time of the difficulty, as to whether he was angry or appeared to be so, or was cool or excited. This is in the nature of a "shorthand" rendering of the facts.

**2.—Same—Argument of Counsel—Res Gestae.**

Testimony that appellant's sister, at the time of the difficulty, threw rocks at prosecutor's house was admissible as res gestæ on trial of the appellant for assault with intent to murder; and State's counsel could comment thereon.

**3.—Same—Charge of Court—Adequate Cause.**

Where the evidence showed insulting language and conduct by the person assaulted towards the sister of the defendant, and the court in defining adequate cause charged that insult to a female relative was adequate cause if the shooting occurred on the first meeting after defendant learned of the same, and that

it would be presumed that his mind had become excited by such information and that no specific cooling time was fixed by law, but was a question of fact for the jury; they could not have been misled by the words, "under the immediate influence of sudden passion arising, etc.," used in applying the law of adequate cause to the facts in evidence as meaning passion arising at the time when defendant met prosecutor; nor were defendant's rights injured in refusing his special charge which contained a similar expression about sudden passion.

**4.—Same—Province of Jury—Fact Case.**

When the evidence showed conclusively that defendant shot the prosecutor because he had insulted defendant's sister, yet the jury could find from the evidence that defendant's mind had cooled at the time of the shooting, the court will not disturb a verdict for assault with intent to murder.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. D. Priest,* for appellant.—On question of adequate cause: Winters v. State, 37 Texas Crim. Rep., 582; Carver v. State, 36 Texas Crim. Rep., 552; Wright v. State, 35 Texas Crim. Rep., 470; Wheeler· v. State, 34 Texas Crim. Rep., 350; Hargrove v. State, 33 Texas Crim. Rep., 431.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant objected to the admission of the evidence of Gus Jout, a witness for the State. He testified that he saw the shooting of Stephens by defendant; that defendant did not seem to be in the least excited; and that he seemed to be cool and collected. No ground is stated for the objection. This should have been done. However, it is permissible for a witness to state the appearance of the defendant at the time of the difficulty, as to whether he was angry, or appeared to be so, as to whether he was cool or excited. In a certain sense this may be a matter of opinion, but under the authorities it is held to be admissible in the nature of a "short hand rendering of the facts." There was no error in the admission of this testimony.

Appellant also excepted to the argument of the county attorney, with reference to appellant's sister at the time of the assault throwing rocks at the horses of the prosecutor, who was driving a milk wagon. While the county attorney was making this argument, the defendant's attorney insisted there was no such evidence, and when the stenographer's notes showed to the contrary he asked that the same be excluded. The court did not exclude the testimony. Appellant excepted, without assigning any reason for the same. If there was testimony in the case to the effect that appellant's sister at the time of the difficulty threw

rocks at prosecutor's horse, it was a part of the res gestæ, and we think admissible.

It appears from the record that the shooting of prosecutor by appellant was clearly established. Appellant's defense was that on the day before the prosecutor assaulted his sister and made indecent propositions to her. When he came home that evening, she told him about it, and on the next day he hired a gun, came back to the house, took his sister with him (evidently to find and point out prosecutor) and when they came up with him on the streets of Forth Worth, she pointed prosecutor out, told appellant he had assaulted her, and appellant immediately shot him, inflicting a wound on his arm with some eighteen number two shot. Appellant insists that this evidence, under a proper charge, should have reduced his offense to an aggravated assault; that the court failed to give a proper charge, in that it required the jury to believe that he shot prosecutor in a sudden transport of passion. We will quote so much of the court's charge as is necessary on this point: "By the expression 'adequate cause' is meant such as would commonly produce a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection; and the condition of the mind at the time of the homicide is a question to be determined by the jury from all the facts and circumstances in evidence; and when a sudden transport of passion is once engendered in a mind, the law does not prescribe any specific length of time for the mind to become cool and deliberate, if it does so change, but leaves that as a question of fact to be determined by the jury from the evidence. Insulting words or conduct of the person killed towards a female relative of the party guilty of the homicide is such adequate cause, provided the homicide occurs upon the first meeting of the person committing the homicide with the person slain." However, the court in submitting the issue to the jury charged substantially: "That if the jury believe that defendant committed an assault upon Stevens with the specific intent to kill him, but you further believe that said assault was committed under the immediate influence of sudden passion, arising from having been told that said Stevens had used insulting words or had been guilty of insulting conduct towards defendant's sister, then you will acquit defendant of assault with intent to murder and convict him of an aggravated assault; and this, though you should believe that said Stevens had not used insulting words or been guilty of insulting conduct towards defendant's sister." The contention here being that the use of the words "under the immediate influence of sudden passion, arising," etc., was in effect limiting appellant's defense and was calculated to make the jury believe that the passion must be sudden and arise at the time when appellant met the prosecutor. But it does not occur to us that in view of the previous charge on this subject, the jury were confused or misled. They were distinctly told that while the condition of the mind of appellant at the time of the homicide must be considered, and it would be pre-

sumed that his mind had become excited or aroused by having been previously told of the insult to his sister, that the law did not prescribe any specific length of time for it to become cool, but the jury should determine this as a matter of fact from the evidence. They were further told that the insult was adequate cause if the shooting occurred on the first meeting after appellant had learned of the same. Appellant says, in this connection, that the charge requested by him should have been given. An examination of that charge shows that if the charge as given by the court contained the vice with reference to sudden passion, the charge requested contained the same vice, as we find it contains this language: "If you find that at the time of the shooting the defendant's mind was incapable of cool reflection, and that he was laboring under a sudden passion arising from an adequate cause," etc.

Appellant claims that the evidence is not sufficient to sustain the verdict; that there can be no question that the shooting occurred because of the insult to appellant's sister. We entertain no doubt of this fact, but the law requires that the jury should not only believe this fact was the actuating cause, but that appellant's mind at the time was excited and incapable of cool reflection. This issue was submitted to the jury, and doubtless they believed there was sufficient testimony to authorize them to say that appellant's mind was cool and calm. Evidently they found on this last mentioned issue in favor of the State, and accordingly found appellant guilty of an assault with intent to murder, instead of an aggravated assault.

The evidence being sufficient, and there being no error in the record, the judgment is affirmed.

*Affirmed.*