BEN MILLER v. THE STATE.

No. 22408. Delivered February 24, 1943.

The opinion states the case.

*Carlton Webb, John W. Birdwell, W. H. Penix,* and *J. R. Creighton,* all of Mineral Wells, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is assault with intent to murder. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction of the offense of assault to murder without malice.

In order that this opinion may reflect the basis for our conclusion of the questions presented, we deem it proper to briefly state the salient facts proven on the trial.

It appears from the record that E. C. Shrum had rented a dwelling-house from the appellant in which he and his family resided; that on the same premises, only a short distance from the house, there stood a barn over which a controversy arose as to whether or not it was included in the rented property. Shrum contended that it was, while appellant insisted that it was not; that he had rented the dwelling-house to Shrum and nothing else. It appears from the record that appellant had theretofore remodeled the barn and put it in condition for residential purposes. On the morning of May 18, 1942, Clarence Simmons came to the premises in question with some household furniture, preparing to move into the barn. Mr. Shrum was absent at the time but Mrs. Shrum, being present, vigorously protested against the action of Simmons in moving into the barn. She told Simmons that he could not occupy the barn until after they had vacated the premises. Simmons immediately communicated with appellant relative to the matter, and in a short time he (Simmons) returned with the household furniture in a truck, accompanied by the appellant and began to unload the same. Mrs. Shrum again remonstrated with them but notwithstanding her protest, they unloaded the furniture. Mrs. Shrum then and there told the appellant that if she had a gun she would shoot him. Appellant then went to the Justice of the Peace and had a notice to vacate the premises prepared and served on Shrum, who was then getting ready to move. Late in the afternoon of that day appellant again came to the premises in question. He observed Shrum in the back yard attending to his chickens. He inquired of him if he was busy, to which Shrum replied: "Not too busy; are you busy, Ben." Appellant then said something which Shrum did not understand as he was hard of hearing. He then placed his left hand back of his car and proceeded to walk nearer to the appellant when he (appellant) picked up a pipe about three-fourths of an inch in diameter, about seven feet long and weighing approximately seven pounds, struck Shrum with it on the side of the head and crushed his skull. The injured party was taken immediately to a hospital where he received surgical and medical attention. The physician who treated Shrum testified as to the location, the extent and the seriousness of the wound, stating that such a wound was calculated to produce death; that it required a hard blow to cause that kind and character of fracture; that the injured party remained at the hospital for treatment for approximately two weeks or more.

Appellant's theory was self-defense. He testified that when he inquired of the injured party if he was busy that he (Shrum) advanced toward him with a key used as a water cut-off, the same being a piece of iron in the shape of a "T," approximately two feet long and weighing two and one-half pounds; that being in fear of his life or bodily injury he struck the injured party in self-defense. He denied that he entertained any intention of killing Shrum. It will be noted that the vital issues in the case, as we see it, are: First, whether appellant, at the time he struck the injured party, entertained the specific intent to kill him; and second, whether or not in doing so, he acted in self-defense. The intent of the accused may be ascertained from the instrument used in committing the assault and the seriousness of the wounds or injury inflicted.

The court instructed the jury on the law of assault to murder, both with and without malice, aggravated assault, and self-defense. In his charge the court specifically instructed the jury that unless they believed from the evidence beyond a reasonable doubt that the defendant, at the time of the assault, if any, entertained the specific intent to kill, they should acquit him of an assault to murder, and next consider whether or not he was guilty of an aggravated assault, etc. It is obvious that the evidence in the case raises an issue of fact as to the appellant's intent, and this issue the jury, under the court's charge, decided adversely to him, as well as his plea of self-defense. We perceive no error in this respect. In support of the views here expressed, we refer to the following cases: Franklin v. State, 37 Tex. Cr. R. 113, 38 S. W. 1016; Green v. State, 160 S. W. (2d) 940; Duhon v. State, 136 Tex. Cr. R. 404; (page 408, on motion for rehearing) ; Bailey v. State, 123 Tex. Cr. R. 206; Jackson v. State, 48 Tex. Cr. R. 648; Butler v. State, 131 Tex. Cr. R. 543.

Appellant's next complaint relates to the court's action in overruling his first application for a continuance based on the absence of Clarence Simmons, W. L. Ferguson and L. A. Scroggins. It appears, however, that Simmons appeared and testified in behalf of the appellant. Consequently, the court's action in overruling the application by reason of the alleged absence of Clarence Simmons passed out of the case. Therefore, the only matter for our consideration is whether or not the court erred in overruling the application in so far as it relates to the absence of Ferguson and Scroggins. Appellant alleged that Ferguson resided at Killeen in Bell County and that Scroggins resided at Vernon in Wilbarger County; that he expected to prove and would have proved by said witnesses that each of them visited

E. C. Shrum after the difficulty and that Shrum stated to each of them that he tried to kill the appellant at the time that he (Shrum) was injured; that Mrs. Shrum stated that she also tried to kill him at the time. In his motion for new trial appellant brought forward his complaint of the court's action in overruling his application for a continuance. Upon the hearing of the motion, the State introduced in evidence the affidavits of the two absent witnesses who denied that they would have testified as claimed by the appellant. Consequently the bill fails to reflect any error.

Bills of Exception Nos. 2, and 3 relate to the same matter and will be considered and disposed of together. It appears from the bills that the State elicited from the witness, Dave T. Wilson, the fact that on the morning of the day of the alleged difficulty, appellant and Clarence Simmons came to the premises occupied by Mr. Shrum and in his absence unloaded some furniture and household goods preparatory to moving into the barn; that Mrs. Shrum objected thereto claiming that they had rented the barn as well as the dwelling-house and that she did not want anything in there; that appellant denied that he had rented the barn and told her that it did not go with the place, and not even the yard; that they had rented the house and nothing else. The State then propounded the following question: "In what manner was Ben Miller talking to her?" To which appellant objected on the ground that the question called for a conclusion of the witness. The objection was overruled and the witness answered: "He started like he was mad, like he was aggravated." Appellant objected to the answer on the ground that it stated a conclusion of the witness. It is our opinion that this was but a shorthand rendition of the facts. The facial appearance and the manner of speech are rather difficult to describe; yet they may unerringly indicate his mental attitude. Consequently the evidence introduced was admissible. In support of what we have said we refer to the following cases: Jones v. State, 47 Tex. Cr. R. 515; Clyburn v. State, 129 Tex. Cr. R. 581; Powdrill v. State, 62 Tex. Cr. R. 442; McMurrey v. State, No. 22,305, decided January 20, 1943, but not yet reported. (Page 439 of this volume.)

By Bill of Exception No. 4 appellant complains because the court, upon objection by the State, declined to permit him to relate to the jury that after he arrived at or near the city hall he told a policeman that he called Shrum three times asking him if he would come out and talk to him, and finally Shrum said that he was busy and for him (appellant) to come there

and talk; that when appellant started to walk over there, Shrum walked about twenty feet, picked up a piece of iron about eighteen inches long (which was used as a key for turning on and off the water at his residence) and started toward appellant with it; that he then picked up a piece of pipe and struck Shrum with it. In his bill appellant claims that this was a res gestae statement and therefore admissible. The court qualified the bill and in his qualification states that appellant did not show how long after the difficulty it was that he made the alleged statement. It appears from the record that appellant had gone quite a distance; that he had met other people; that he had turned his car over to someone to take home while he walked over to the city hall. Under the facts disclosed by the record, we do not believe that the alleged statement falls within the rule of res gestae. Hence we overrule his contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.