**David Lawrence BURRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 032 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 7, 1983.

Gerald Holmes, Jr., Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

This appeal is brought from a conviction for burglary of a building wherein punishment was assessed at life imprisonment upon a jury finding of true to two enhancement allegations.

Appellant contests the jury finding of true to an enhancement count because there was "no evidence indicating finality of conviction # 39260 'and' in this regard, the evidence on its face indicates that said cause was 'on appeal.'" *Tex.Penal Code Ann. § 12.42(d)* (Vernon 1974). Specifically, appellant complains of the State's introduction into evidence of exhibit number eight, copies of judgment and sentence regarding his 1981 burglary conviction, wherein, at the bottom of the sentence, there appears "* ON APPEAL."

Exhibit eight provided sufficient evidence to form the basis of a jury finding of true to the enhancement count on conviction # 39260. Once a prior conviction has been proven up by the State for enhancement purposes and said conviction is urged not to be final, the burden is on the defense to show that it was not final. *Williams v. State,* 596 S.W.2d 862, 865 (Tex.Cr.App. 1980). *Gardner v. State,* 486 S.W.2d 805, 807 (Tex.Cr.App.1972); *Hamlin v. State,* 632 S.W.2d 203 (Tex.App.—Fort Worth 1982, no writ). A defendant who does not testify or fails to offer any evidence attacking the finality of conviction relied on for enhancement purposes fails to prove the defense that such prior conviction was not final. *Williams v. State, supra* at 865.

Appellant Burrell never objected to the admission of State's eighth exhibit on the basis that the State had not proven the finality of the conviction evidenced therein. This ground of error is overruled.

The judgment of the trial court is Affirmed.