Victor C. RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-85-00092-CR.

Court of Appeals of Texas,
San Antonio.

March 19, 1986.

David L. Willis, San Antonio, for appellant.

Sam Millsap, Jr., Roland Garcia, Margaret Embry, Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in an aggravated assault with a deadly weapon (habitual) case. Appellant was convicted by a jury of the instant offense as charged in the indictment. Upon the plea of "not true" to both enhancement paragraphs before the court, the court found him to be the same person as alleged in the enhancement paragraphs. The court assessed appellant's punishments at seventy-five years' confinement. We affirm.

Appellant presents us with three points of error on appeal.

In his initial point of error appellant contends that there was prosecutorial misconduct based on improper jury argument. In support of this contention he argues that the following argument by the prosecutor was unsworn testimony which injected new and harmful facts before the jury:

[Prosecutor]

MR. GARCIA: There were three little people that watched, experienced and have recurring, vivid memories of what happened.

[Defense Counsel]

MR. BAUGH: I object to that. No evidence whatsoever about any children having any vivid memories of anything.

THE COURT: Overruled.

\*    \*    \*    \*    \*    \*

MR. GARCIA: And folks, Mr. Trejo, like I said, his wounds have healed thanks to the treatment he received, but those three children still are suffering from the most serious type of injury, that being a psychological, psychiatric-type injury.

MR. BAUGH: I object again. He is outside the record. There is no such evidence for this jury any children are suffering from any psychological injury.

THE COURT: Overruled.

\*    \*    \*    \*    \*    \*

Appellant contends that the comment by the prosecutor upon psychological and psychiatric damage to the children went far beyond the scope of permissible commentary; that such argument was nothing more than a calculated attempt to arouse the passion or prejudice of the jury by matters not properly before them. Appellant further argues that by such argument the prosecutor was "inviting the jury to convict appellant, not upon the crime with which he was charged, but upon the damage he had supposedly done to others for which there was no evidence in the record."

In *Hightower v. State*, 629 S.W.2d 920 (Tex.Crim.App.1981) the court set out the four categories of appropriate jury argument as follows:

In order to be appropriate, jury argument must fall within the categories of (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) a plea for law enforcement. [Citation omitted.]

*Id.* at 926.

It is undisputed that there was evidence before the jury that the complainant's three small children were present in their home on the date in question and witnessed appellant's assault upon their mother and the shooting of their father. We agree with the statement of the State in their brief that "it is a reasonable deduction from the evidence that small children who witness acts of violence upon their own family, would suffer psychological damage from observing such a terrifying event." Accordingly, we find that the complained of argument was a reasonable deduction based upon the evidence presented at trial and was therefore proper. No error is shown in the court overruling appellant's objection. Appellant's point of error number one is overruled.

■ In his second point of error appellant complains of the sufficiency of the evidence to support the allegations in the second enhancement paragraph of the indictment. His complaint is predicated upon the lack of attestation as required by TEX. REV.CIV.STAT.ANN. art. 3731a, § 4 (Vernon Supp.1986) in the pen packet introduced by the State in support of the allegations contained in the second enhancement paragraph; that as such this constitutes a variance fatal to the proof necessary to convict appellant as a habitual criminal.

In support of his contention, he points out that the judgment of conviction and sentence to confinement in Cause No. 1495–C contained in State's Exhibit No. 7, the pen packet, was not properly attested to by the custodian of the records.

The record reflects that the fingerprint expert testified that based on a comparison of the fingerprints of appellant taken at trial and the fingerprints contained in the pen packet in question, the fingerprints on the fingerprint card contained in the pen packet were those of appellant. The record further reflects that the pen packet in question also contained a photograph of appellant which was labeled "Wisconsin

Department of Corrections 54936–A." The number 54936–A was the number assigned to appellant. Aside from all this, the pen packet in question also contained the judgment and sentence by conviction of appellant in Cause No. 1495–C in the Circuit Court BRI, Kenosha County, Wisconsin. The pen packet also contains a certification from Peter Martin, registrar of the Kettle Moraine Correctional Institution of the County of Sheboygan, State of Wisconsin, that he had legal custody of the original files and documents of persons committed to said institution; that the photograph, fingerprints and judgment and sentence commitments contained in the packet were copies of the original records of Victor C. Rodriguez, Wisconsin No. 54936–A, a former inmate; that he compared the copies with the original on file in his office and each contains, and is, a full, true, and correct transcript and copy of its original. His position and signature is attested to and certified by John Buchan, Judge of the Circuit Court for the State of Wisconsin. The judge's position and signature are certified and attested to by June Schetter, clerk of the court of the County of Sheboygan, State of Wisconsin. We hold that the pen packet in question is properly certified and authenticated and meets the requirements of TEX.REV.CIV.STAT.ANN. art. 3731a, § 4 (Vernon Supp.1986). *See Ashley v. State,* 527 S.W.2d 302, 304 (Tex.Crim. App.1975). Appellant's second point of error is overruled.

 In his point of error number three appellant contends that the trial court erred in not allowing cross-examination of the complainant regarding the complainant's arrests for drunkenness. In support of his contention, appellant argues that such evidence should have been allowed to be brought before the jury in order to aid them in evaluating the complaining witness's ability to remember, perceive and relate the events about which he testified. Because the trial court did not permit such a cross-examination the appellant's ability to fully and completely cross-examine the complaining witness was allegedly prejudiced and constituted reversible error.

From our review of the record, we conclude that appellant was not denied the right to cross-examine the complaining witness concerning the fact that the complaining witness got "drunk a lot" or that the complaining witness had "been arrested over twenty times for drunkenness." The record reflects that when each of these questions was asked of the complaining witness by defense counsel, the State immediately objected. However, each objection was overruled by the trial court. The record does not show that appellant's trial counsel attempted to thereafter obtain an answer to each of his questions. We hold that appellant's failure to obtain an answer cannot now be complained of on appeal. Appellant's point of error number three is without merit and is overruled.

The judgment of the trial court is affirmed.