Noel Gene WEAVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0741–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 1986.

Carol J. Carrier, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Roe Morris, Russell Turbeville, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION

COHEN, Justice.

Appellant was found guilty by a jury of felony theft of $20,000.00 or more, a second degree felony. The jury found the enhancement paragraph to be true and assessed punishment at 45 years confinement and a $10,000 fine.

■ Appellant's first and second points of error contend that the evidence was insufficient to prove venue in Harris County as to complainants Ell E. Simpson and Jack Robinson, respectively. The record reflects that Simpson responded to an advertisement in the Houston Chronicle by American Energy Systems, hereafter AES, concerning making window panes for AES.

Simpson met in Houston with appellant, who stated that Simpson could earn five dollars for each window he made for AES. Simpson signed a contract agreeing to pay $5,000 as a security deposit for equipment to be provided by AES. Appellant orally assured Simpson that AES would return his $5,000 security deposit plus interest. Simpson gave appellant a check for $5,000 at Simpson's home in Galveston County.

The record reflects that the check was deposited in AES's account at Allied Mercantile Bank of Houston. The check was returned by Simpson's bank, Santa Fe Bank of Galveston County, for insufficient funds. An unidentified representative of AES ultimately collected on the check by personally presenting it to Santa Fe Bank in Galveston County. The record does not reflect whether Santa Fe Bank paid the check with cash or a cashier's check or what subsequently happened to the money. In summary, there is evidence that Simpson's insufficient check was moved through Harris County, but there is no evidence that Simpson's money was stolen or located in Harris County, as alleged in the indictment.

Jack Robinson responded to a similar ad in an Austin newspaper. He met appellant in Austin in November of 1983. Appellant made similar representations to Robinson and guaranteed him 2,000 window orders in the first six months. Later in November, Robinson again met appellant in Austin, signed a contract, and gave appellant a $5,000 cashier's check payable to AES. The cashier's check was deposited in appellant's account at Allied Mercantile Bank in Houston.

Neither Simpson nor Robinson ever received any order for window panes or had any money returned.

The indictment contains seven paragraphs, each alleging theft from a different victim of more than $750 and less than $20,000, and includes an aggregation paragraph alleging the total value to exceed $20,000. The paragraphs alleging thefts from Simpson and Robinson each stated that appellant:

"[D]id then and there unlawfully acquire and otherwise exercise control over property, other than real property, namely, *money*, owned by [complainant], a person having a greater right to possession of the property than the Defendant and hereafter styled the Complainant, of the value of over seven hundred and fifty dollars and under twenty thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant."

Tex.Code Crim.P.Ann. art. 13.08 (Vernon 1977) provides that:

Where property is stolen in one county and removed by the offender to another county, the offender may be prosecuted either in the county where he took the property or in any other county through or into which he may have removed the same.

Although the Code of Criminal Procedure does not define property, the Texas Penal Code section 31.01(6)(C) (Vernon 1974) defines property as:

a document, including money, that represents or embodies anything of value.

The indictment alleges an offense under this definition of property. The State, having alleged that appellant unlawfully appropriated money, had to prove that Simpson's money was appropriated in Harris County or that the money was appropriated elsewhere and later taken to or through Harris County. Art. 13.08, *supra*.

There is no evidence that the money acquired by cashing Simpson's check was ever taken to or through Harris County. Had the State alleged theft by obtaining the check, then any county to which the check was carried would have proper venue. *Cf. Spear v. State*, 123 Tex.Crim.R. 188, 58 S.W.2d 95 (1933); *Davenport v. State*, 127 Tex.Crim.R. 552, 78 S.W.2d 605 (1935); *Williams v. State*, 542 S.W.2d 131 (Tex.Crim.App.1976). The State proved theft of Simpson's check in Harris County; however, it failed to prove what it alleged, theft of Simpson's money in Harris County.

■ The evidence establishes that appellant brought Robinson's check from Austin to Harris County and deposited it in his bank account. The check was apparently paid by Robinson's Austin bank, and the money was credited to appellant's bank account in Harris County. Although Robinson's check was acquired in Travis County, Robinson's money was taken by appellant to Harris County by use of his Harris County bank account. Art. 13.08, *supra*. Appellant's second point of error concerning Robinson is overruled.

■ Although the evidence was insufficient to prove a theft from Simpson, the error is harmless, because the proof on the other counts showed a second degree felony offense. While the indictment alleged seven counts of theft, only five went to the jury. Excluding Simpson's case, four thefts of $5,000 each, totaling $20,000, were proved. These counts support the verdict of theft of $20,000 or more. *Vasquez v. State*, 665 S.W.2d 484, 487 (Tex. Crim.App.1984); *Bailey v. State*, 532 S.W.2d 316, 323 (Tex.Crim.App.1975); *Cooper v. State*, 707 S.W.2d 686, 691 (Tex.App. —Houston [1st Dist.] 1986, pet. pending). The first point of error is overruled.

■ The third point of error contends that the trial court erred in admitting evidence from three witnesses concerning extraneous offenses, because the extraneous offenses occurred subsequent to the offense on trial. Appellant has cited no cases holding extraneous offenses inadmissible for this reason.

At trial, appellant objected to Timothy Martin's testimony on the basis that there was no disputed issue necessitating the use of extraneous offenses, and that the probative value was exceeded by the prejudicial effect. Appellant's complaint on appeal does not comport with his objection at trial and, therefore, presents nothing for review. *Schenck v. State*, 652 S.W.2d 509, 511 (Tex.App.—Houston [1st Dist.] 1983, pet ref'd).

Appellant objected to Bernadine Shahan's testimony on the basis that it "not be brought before the jury based on any theory of extraneous offenses and ... being a

result of an illegal search made by Tim Martin." Appellant's objection is general and does not comport with his complaint on appeal and, therefore, presents nothing for review. *Id.*

Appellant did not object to Roxanne Wachel's testimony before it was admitted in evidence. After Wachel had been excused, appellant stated, "We need to reurge the motion that all of Ms. Wachel's testimony be stricken and asked [sic] that it be disregarded for all the reasons given before on the extraneous witness testimony." Appellant did not object to Wachel's testimony at the first opportunity, which waives any error, *Hougham v. State,* 659 S.W.2d 410, 414 (Tex.Crim.App.1983), and the objection he made differs from the complaint raised on appeal. Nothing is presented for review. *Schenck,* 652 S.W.2d 509.

The third point of error is overruled.

The fourth point of error contends that the trial court erred in charging the jury on the enhancement paragraph, because the evidence was insufficient to prove a final conviction on the date alleged in the indictment. The indictment alleged that "[b]efore the commission of the offense alleged above on April 14, 1980, in Cause No. 304346, in the 178th District Court of Harris County, Texas, the Defendant was convicted of Securities Fraud, a felony."

The record reflects that appellant was sentenced on April 14, 1980, as alleged in the indictment. The State's pen packet recites that a mandate of affirmance on a bail appeal was received from the Court of Criminal Appeals on June 3, 1981. There is a statement in the record that this Court issued its opinion affirming the conviction on June 3, 1982. There is no evidence of any later action by any court.

■ Only final convictions may be used for enhancement. *Aaron v. State,* 546 S.W.2d 277, 279 (Tex.Crim.App.1976). The enhancement conviction must have been final before the primary offenses were committed. When a conviction appears final on its face, the burden of proof is on the defendant to prove that it was not final at

the relevant time. *Ashley v. State,* 527 S.W.2d 302, 305 (Tex.Crim.App.1975). The State need not allege or prove the date on which the conviction became final. The evidence herein showed that the conviction occurred on April 14, 1980, as alleged, and the conviction appears to be final.

■ Tex.Code Crim.P.Ann. art. 42.04a (b)(1) (Vernon 1986) provides that a decision of the Court of Appeals shall be final at the expiration of 45 days after the final ruling of the court, unless a petition for discretionary review has been filed within 30 days after the final ruling of the Court of Appeals, the Court of Criminal Appeals has filed an order to review the decision on its own motion, or at the expiration of 15 days from the date of refusal of the Court of Criminal Appeals to grant a petition for review. Accordingly, appellant's conviction became final on July 18, 1982, at the expiration of the 45th day after it was affirmed. This was more than a year before the dates of the thefts proved at trial. While finality was disputed in the trial court, appellant presented no evidence that the conviction was not final before the commission of the offenses on trial. He failed to meet his burden of proof. *Williams v. State,* 596 S.W.2d 862, 865 (Tex.Crim.App. 1980); *Burrell v. State,* 658 S.W.2d 268 (Tex.App.—Beaumont 1983, no pet.). The fourth point of error is overruled.

The fifth point of error contends that appellant was denied effective assistance of counsel when the trial court denied his motion for continuance, because his trial attorney had only been attorney of record for six days prior to trial.

■ To obtain reversal because of ineffective assistance, appellant must show: (1) that counsel's performance was so deficient that he was not functioning as counsel guaranteed by the sixth amendment, and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Since appellant's only complaint concerns the court's denial of a

motion for continuance, his claim of ineffective assistance must fail unless the continuance should have been granted and granting it would have probably affected the outcome of the trial.

The motion for continuance is not in the record. The record reflects that on the day of trial, appellant sought to change lawyers for the fourth time. The court admonished appellant as follows:

Q. You understand this substitution of counsel is no ground for continuance at this time?

A. Well, I don't understand that.

Q. Well, you understand I am not going to grant a continuance, and the matter has been brought before me, and I am not going to grant a continuance?

A. I understand that.

Under the circumstances, the trial court would not have abused its discretion in overruling a proper motion for continuance. *Reeves v. State*, 632 S.W.2d 662, 663 (Tex. App.—Amarillo 1982, no pet.).

Appellant's counsel filed a discovery motion, a motion to suppress, and extensive specially requested jury charges. He thoroughly cross-examined all witnesses at the guilt and punishment stages and argued significant legal issues raised by the facts. The denial of the continuance did not deny appellant effective assistance of counsel. *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). The fifth point of error is overruled.

The sixth, seventh, and eighth points of error contend that the trial court erred in not giving the following jury instructions:

1. (Inserted before the charging paragraph) "You are instructed that if you find from the evidence that the owner(s), if any, gave Noel Gene Weaver the right or authority to dispose of the said property, or if you have a reasonable doubt thereof, you will find Noel Gene Weaver not guilty."

3. (Inserted before the charging paragraph) "You are instructed that if you find from the evidence that Noel Gene Weaver appropriated the property to his own use without the consent of the owner after the time when Noel Gene Weaver was, under the contract, required to redeliver said property back to the said owner, but with no intent to deprive the said owner of the property, or if you have a reasonable doubt as to such intent, then you will find Noel Gene Weaver not guilty."

4. (Inserted before the charging paragraph) "You are instructed that to constitute theft in this case, it is necessary that the State establish by the evidence beyond a reasonable doubt that Noel Gene Weaver acquired the property in question, that at the time of the acquisition Noel Gene Weaver acquired it by means of deception, as that term has been defined herein, with the intent at the time of the acquisition to deprive the owner of such property, and the offense of theft is complete when such property is acquired by Noel Gene Weaver, if at all, provided the intent to deprive the owner thereof existed at the very time the property was so acquired."

▮ An affirmative defense raised by the evidence should be submitted to the jury, even though the evidence is conflicting. *Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986). However, a requested charge is properly denied when it merely negates an element of the offense. *Id.* at 80–81. The first and third specially requested charges were properly denied because they only negate the elements of consent and intent. *See Royal v. State*, 154 Tex.Crim.R. 567, 228 S.W.2d 162, *reh'g denied*, 154 Tex.Crim.R. 567, 229 S.W.2d 808 (1950).

▮ The fourth requested charge apparently attempts to fix the time of the offense in order to determine venue. It thus negates the element of venue and was properly denied. Further, only the offense against Simpson raised a fact issue on venue. Since we have held that the insufficient proof of venue in Simpson's case was harmless error, any error in failing to give the requested charge was also harmless. *Almanza v. State*, 686 S.W.2d 157, 171

(Tex.Crim.App.1985). The sixth, seventh, and eighth points of error are overruled.

The judgment is affirmed.