**Steve Andrew TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00391–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 19, 1992.

Discretionary Review Refused
June 3, 1992.

---

Allen Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Asst., and Cindy Marshall, Houston, for appellee.

Before MIRABAL, WILSON and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of delivery of cocaine. Appellant pled true to one enhancement paragraph of the indictment, and the jury assessed punishment at 30 years confinement. We affirm.

On November 30, 1989, undercover Houston Police Department Officers Bledsoe and Anderson were flagged down by an individual later identified as Andre Blueffer. Officer Bledsoe got out of his car and Blueffer asked him what he needed. Bledsoe replied, "two dime rocks of cocaine," street slang for two 10 dollar pieces of cocaine. Blueffer shouted this request to appellant, who was across the street. Bledsoe walked over to appellant, who held out his right hand. Appellant

held in his hand a number of "rocks" of cocaine, and he told Bledsoe to pick out two. Bledsoe picked out two, paid appellant with a marked 20 dollar bill, and returned to the unmarked police car. As the two officers drove away, they radioed the arrest team. The arrest team notified Officers Bledsoe and Anderson of arrests approximately five minutes later, and the two returned to the scene to find four men in custody. Bledsoe identified appellant and Blueffer as the men involved in the drug transaction. No drugs or marked bills were found on appellant.

Appellant's first point of error asserts that the conviction should be reversed because the prosecutor improperly impeached appellant's niece, Shemecika Stanley, by asking, "Did you know that your uncle was dealing drugs."

Ms. Stanley, appellant's 16–year old niece, witnessed appellant's arrest and was called as a defense witness. During her cross-examination by the prosecutor, the following colloquy occurred:

State: Did you know your uncle was [dealing in drugs]?

The Witness: No.

Appellant's attorney: Objection, your honor, there has been no proof established that Steven Taylor was dealing in drugs; *that, at this time, is a mere allegation,* and I would object to counsel phrasing it as such.

The Court: I will overrule your objection. But *of course, your statement is correct, it's for the jury to determine.*

(Emphasis added.)

■ Appellant's objection was essentially that the prosecutor's question assumed as a fact a matter that was in dispute, e.g., that appellant was selling drugs. The emphasized portions of counsel's objection and the court's comment accompanying his ruling underscore that the inquiry

assumed the matter in dispute, which was "for the jury to determine." A complaint on appeal must comport with the objection made at trial, or be waived. *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App. 1986); *Weaver v. State,* 722 S.W.2d 143, 146 (Tex.App.—Houston [1st Dist.] 1986, no pet.). Appellant complains on appeal that the prosecutor improperly impeached Ms. Stanley by offering character evidence to prove appellant acted in conformity with his character, in violation of rule 404 of the Texas Rules of Criminal Evidence.[1] However, appellant's trial objection, that "no proof established that appellant was dealing in drugs," did not raise the issue of improper proof of character. Because the objection at trial differs from the complaint made on appeal, no error is preserved for review. *Thomas,* 723 S.W.2d at 700.

■ Even if appellant's complaint had been preserved, we note that appellant's own attorney elicited testimony from the same witness on the same subject. On redirect examination by appellant's attorney, appellant's niece testified that appellant never dealt drugs around her, that she had never seen him with any drugs, and that on the night of the arrest she never saw Andrew Blueffer "in the middle of the street talking to some unknown person in the car." Ms. Stanley did not testify to any matter that could cause harm to appellant.

Appellant's first point of error is overruled.

In appellant's second point of error, he alleges that his conviction should be reversed because the mandatory parole law instruction in the jury charge violated his right to the due course of law as guaranteed by the Tex. Const. art. I, §§ 13 and 19, and "there is indicia of harm evident in the record."

1. Tex.R.Crim.Evid. 404(a)(1) (Vernon Pamph. 1992) states:

    **(a) Character Evidence Generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

    (1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same....

In *Rose v. State,* 752 S.W.2d 529, 552 (Tex.Crim.App.1987) (op. on reh'g), the Texas Court of Criminal Appeals declared TEX. CODE CRIM.P.ANN. art. 37.07 [2] unconstitutional on grounds that it violated both the Texas Constitution's separation of powers doctrine, article II, section 1, and its due course of law provisions, article I, sections 13 and 19. On November 7, 1989, the people of Texas adopted a constitutional amendment that authorized the legislature *"to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense."* TEX. CONST. art. IV, § 11 (amended 1989). In reliance on the authority of amended article IV, section 11, the legislature re-enacted the hitherto unconstitutional article 37.07, section 4. TEX. CODE CRIM.P.ANN. art. 37.07, § 4 (Vernon Supp.1992).

■ The date of appellant's alleged offense, November 30, 1989, was after passage of the constitutional amendment and the legislative re-enactment of article 37.07, section 4; thus, the constitutional amendment and re-enacted statute indisputably control the conduct of appellant's trial. Nevertheless, appellant argues that while the constitutional amendment cured the separation of powers infirmity in the former article 37.07, section 4, the re-enacted statute still violates the due course of law provisions of article I, sections 13 [3] and 19.[4] This is so, he urges, because "the vice in a sec. 4 instruction is [in] creating an environment for trial participants to induce harm," as the Court of Criminal Appeals indicated when it analyzed *Rose* in *Arnold v. State,* 786 S.W.2d 295, 301 (Tex.Crim. App.), *cert. denied,* —— U.S. ——, 111 S.Ct. 110, 112 L.Ed.2d 80 (1990). Appellant's argument is, in effect, that the Court of Criminal Appeal's finding of a violation of due course of law in article 37.07, section 4 was not corrected by the 1989 constitutional amendment.

This Court rejected the same argument in *Madison v. State,* 825 S.W.2d 202 (Tex. App.—Houston [1st Dist.], n.p.h.). There, we held that an accused is not denied due course of law by the constitutionally permitted and legislatively mandated parole consideration charge set out in the re-enacted article 37.07, section 4. Justice Dunn wrote:

> In construing a constitution, all of its provisions must be examined. *Vinson v. Burgess,* 773 S.W.2d 263, 265 (Tex.1989); *Clapp v. State,* 639 S.W.2d 949, 951 (Tex. Crim.App.1982). If one section expresses a general intention to do a particular thing, and another section expresses a particular intention incompatible with the general intention, the particular intention is in the nature of an exception. *Harris County v. Sheppard,* 291 S.W.2d 721, 726 (Tex.1956). The particular intention expressed in [amended] constitutional Art. IV], section 11(a), [e.g., requiring or permitting courts to inform juries about eligibility for parole on a defendant's period of incarceration], therefore, controls over the general constitutional provisions [of Art. I, sec. 13 and Art. I, sec. 19] relied upon by appellant.

> Further, a constitutional amendment becomes as much a part of the organic law as if it had been originally incorporated in the constitution. *Purcell v. Lindsey,* 314 S.W.2d 283, 284 (Tex.1958). Any provisions of the constitution previously existing that are in conflict with the amendment must yield to the amend-

---

2. Act of June 13, 1985, 69th Leg., R.S., ch. 576, 1985 Tex.Gen.Laws 170, *amended by* Act of May 6, 1987, 70th Leg., R.S., ch. 66, 1987 Tex.Gen. Laws 170, *re-enacted by* Act of May 12, 1989, 71st Leg., R.S., ch. 103, 1989 Tex.Gen.Laws 442.

3. Section 13 states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

4. Section 19 states:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of law of the land."

ment. *Cramer v. Sheppard,* 167 S.W.2d 147, 152 (Tex.1942).

An accused is not denied due course of law by virtue of a requirement that the jury be instructed on the law of good time and parole.

. . . .

Article 37.07, section 4 is expressly authorized through article IV, section 11(a), by virtue of constitutional amendment, mandated by the people of Texas. *Marks v. State,* 815 S.W.2d 817 (Tex. App.—Eastland 1991, pet. granted).

Finally, appellant argues that "there is indicia of harm in the record" because of the prosecutor's closing argument at the punishment hearing, where she stated:

Ladies and gentlemen, consider the fact that he got five years in 1988, in November of 1988, for this exact same offense, and he's back on the streets in November of 1989, not a year later, delivering again, and is charged with the same offense.

During the punishment hearing, appellant stipulated his prior conviction on November 16, 1988, for delivery of a controlled substance, and his prior misdemeanor conviction for possession of marihuana on October 23, 1984. A pen packet showing the November 16, 1988, delivery of cocaine offense was also admitted.

In closing argument, appellant's trial counsel asked the jury to give appellant the minimum punishment available, 15 years, in a punishment range that he correctly stated extended from 15 years to 99 years or life. The prosecutor responded with a request for 30 years, which the jury assessed.

Appellant made no objection to the inclusion of the statutory parole instruction in the court's charge, and no timely or proper objection to the prosecutor's quoted argument. After the prosecutor continued with other arguments, appellant's trial counsel objected that "it's improper impeachment for a prior felony conviction, if you tell the jury the number of years a person was assessed on that prior felony." The trial court correctly overruled the limited objection.

Appellant argues that "this prosecutorial argument directed the jury's attention to the actual number of years appellant had served for the previous offense, and that he was on parole when he committed the offense." Appellant concedes that jury argument directing the jury's attention to parole or parole eligibility may not be error per se; however, he argues, such argument "may influence the jury adversely despite instructions not to consider how parole laws might affect this conviction," citing *Arnold.*

■ "Rose error," prior to the 1989 constitutional amendment of article IV, section 11, consisted of "giving [a statutory parole law] instruction in terms of the *constitutionally infirm statute.*" *Arnold,* 786 S.W.2d at 297; *Rose,* 752 S.W.2d at 535 (emphasis added). The court held in *Rose* that because the statutory instruction was unconstitutional *ab initio,* a defendant was relieved of the obligation to object to its submission at trial in order to preserve error on appeal. *Rose,* 752 S.W.2d at 552; *See Casares v. State,* 768 S.W.2d 298, 299 (Tex.Crim.App.1989). We held earlier that the statutory jury instruction on parole law here given, as mandated by the re-enacted article 37.07, is now constitutionally sanctioned. Thus, appellant was required to object to its submission in order to preserve non-fundamental error, and he failed to do so. Even if appellant had preserved error for appeal, both to the parole instruction in the charge and to the prosecutor's argument, it would have been to no avail. The prosecutor's quoted argument was proper, both as summation of the evidence and as a reasonable deduction from the evidence. *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973). The pen packet admitted in evidence showed both the November 16, 1988, date of appellant's prior conviction and the five year sentence assessed for it. Thus, the pen packet in evidence unavoidably implied the existence of parole or some similar mechanism to explain appellant's presence in Houston one year later at the time of his arrest for this offense. *Harvey v. State,* 762 S.W.2d 760,

762 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

Appellant's second point of error is overruled.

The judgment is affirmed.