**Affirmed and Memorandum Opinion filed October 21, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-19-00877-CR

**ROBERT MARK TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 18-CR-3074**

## MEMORANDUM OPINION

The sole question in this appeal is whether the punishment was properly enhanced. Because the answer to that question does not require a comprehension of the facts underlying the offense, we forego those facts and provide just a brief procedural history. *See* Tex. R. App. P. 47.1.

Appellant was charged by indictment with intoxication assault. *See* Tex. Penal Code § 49.07(a)(1). He pleaded not guilty, and his case proceeded to a trial by jury.

The jury returned a verdict of guilty, and appellant elected for the trial court to assess his punishment.

Intoxication assault is a third degree felony, which is ordinarily punishable between two and ten years' imprisonment. *See* Tex. Penal Code §§ 12.34(a), 49.07(c). The prosecution sought to enhance this range of punishment on the grounds that appellant was an habitual felony offender with two prior felony convictions. Appellant received notice of the enhancement in the indictment, where both prior convictions were alleged. Appellant pleaded true to the first enhancement allegation, but he pleaded not true to the second enhancement allegation. The trial court found that both enhancement allegations were true, and sentenced appellant to twenty-five years' imprisonment, which was the minimum term of imprisonment under the statute for habitual felony offenders. *See* Tex. Penal Code § 12.42(d).

Now on appeal, appellant raises a single point of error, which he styles with the following heading: "Relative to enhancement of punishment, indictment of defendant was defective on two counts, meaning punishment was enhanced improperly." This heading alludes to two separate defects, but the argument section of appellant's brief only addresses one defect.

Appellant begins his argument section with the language of the statute for habitual felony offenders, which provides in material part that a defendant must be punished to a term of not less than twenty-five years' imprisonment "if it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." *See* Tex. Penal Code § 12.42(d). As he recites the language of this statute, appellant underlines the phrase "subsequent to." Then, without discussing the facts of his individual case, he leaps to the conclusion that his indictment was defective

because the second enhancement paragraph "failed to comply with the language of this statute, making the Enhancement incorrect according to the Penal Code."

Based on his focus of the "language" of the statute and on the emphasis he provided through his underlining of certain words, appellant seems to argue that the indictment was defective because the second enhancement paragraph did not include the statutory phrase "subsequent to." Instead of those words, the second enhancement paragraph alleged that appellant committed a felony "prior to the commission of the primary offense, and <u>after</u> the conviction in [the first enhancement paragraph] was final."[1] To the extent that appellant argues that the indictment was defective because this paragraph used the word "after" in lieu of the phrase "subsequent to," the argument must fail for at least two reasons.

First, appellant did not move to quash the indictment or otherwise challenge the alleged defect before the commencement of trial, which means that his complaint has not been preserved for appellate review. *See* Tex. Code Crim. Proc. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.").

Second, even if we assumed that appellant had preserved his complaint, it would fail on the merits. Appellant bases his argument on the premise that the statute for habitual felony offenders "requires pleading with specific language," but this premise does not have any textual support. There is nothing in the statute establishing a minimum standard for pleading. In fact, our case law does not even

---

[1] Emphasis added.

require an enhancement allegation to be pleaded in the indictment. *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) ("Prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment."). Accordingly, appellant has not demonstrated that the indictment was defective because it used "after" instead of "subsequent to."[2]

Appellant alluded in his heading to a second defect in the indictment, but as we mentioned earlier, the body of the brief does not contain an argument regarding this other defect, which is grounds for briefing waiver. *See* Tex. R. App. P. 38.1(i). Nevertheless, we note that appellant identified his second alleged defect in the summary section of his brief, and we choose to address it in the interest of completeness.

---

[2] During the punishment hearing, defense counsel argued that the prosecution could not satisfy its burden of proof under the statute for habitual felony offenders. More specifically, counsel argued that the prosecution could not show that appellant's second prior felony conviction occurred before his first prior felony conviction became final because appellant had not yet completed his sentence for his first prior felony conviction. The trial court implicitly rejected this argument. Appellant's counsel on appeal (who is not the same counsel from the trial) has not expressly reiterated that same argument in his brief. But the State has construed appellant's brief in light of defense counsel's trial argument and considered whether the enhancements were sufficiently proven. If we were to assume that appellant has challenged whether the evidence was sufficient (as opposed to whether the indictment was defective), then we would agree with the State that it had met its burden of proof. The prosecution produced pen packets containing evidence of appellant's fingerprints and the prior judgments. The judgment for the first prior felony conviction was signed in March 2012, and the judgment for the second prior felony conviction was signed in August 2014 for an offense that occurred in June 2014, which is after the date of the first judgment. Neither judgment reflects that appellant initiated an appeal. When, as here, the record is silent regarding whether a judgment has been appealed, we can presume that the prior conviction is final, notwithstanding whether the sentence was completed. *See Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990) (holding that a court may presume from a silent record that a prior conviction is final, and that this presumption may be overcome with evidence that an appeal has been taken); *Ashley v. State*, 527 S.W.2d 302, 305 (Tex. Crim. App. 1975) ("The sentence to be served, either actually confined, or on probation or parole, has no effect on the time at which the conviction becomes final."); *see also Jones v. State*, 77 S.W.3d 819, 823 (Tex. Crim. App. 2002) ("If the judgment of conviction has been set aside, vacated or appealed, the defendant must offer some evidence to support that fact."). Thus, we conclude that the evidence is sufficient to prove the enhancements under the statute for habitual felony offenders.

Appellant argued in the summary section that the indictment was defective because the second enhancement paragraph alleged that he committed a felony in "La Grange County, Texas," which, as he correctly points out, is a nonexistent county. La Grange is a city rather than a county, and it serves as the county seat of Fayette County, Texas. Despite this defect, appellant is not entitled to relief, and again for two reasons.

First, error was not preserved. Defense counsel complained to the trial court that the indictment was fatally defective because "La Grange is the county seat of Fayette County," but counsel made his complaint during his opening statements of the punishment hearing, which was not "before the date on which the trial on the merits commences," as required by statute. *See* Tex. Code Crim. Proc. art. 1.14(b). Because the objection was not timely, appellant waived his complaint. *Id.*

Second, even if appellant had preserved his complaint, the record does not establish that he was prejudiced by the defect. The prosecution provided the defense with a pre-trial notice of intent to introduce evidence of extraneous offenses. Using a description of the offense, the cause number, and the date of conviction, that notice identified the same prior felony conviction that was alleged in the second enhancement paragraph, and the notice correctly identified that the conviction arose out of Fayette County, not the nonexistent La Grange County. Defense counsel also knew that La Grange was the county seat of Fayette County. And finally, even though he pleaded not true to the second enhancement paragraph, appellant took the stand during the punishment hearing and admitted that he committed the offense alleged in that paragraph. On this record, we cannot say that the defect in the indictment impaired appellant's defense or resulted in any harm. *See Plessinger v. State*, 536 S.W.2d 380, 381 (Tex. Crim. App. 1976) (affirming a judgment, even though an enhancement paragraph alleged that the defendant was convicted in the

State of Arizona under a case style that defectively referred to the State of Texas, because the defendant could not show that he was surprised or misled to his prejudice).

We overrule appellant's sole point of error and affirm the trial court's judgment.


/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).