Dalton B. STEWART, Appellant,

v.

The STATE of Texas.

No. 522–00.

Court of Criminal Appeals of Texas, En Banc.

April 18, 2001.

---

**34.** *Thomas,* 837 S.W.2d at 632.

Michael A. Maness, Houston, for appellant.

Marc Brumberger, Asst. DA, Conroe, Jeffrey L. Van Horn, First Asst. State Atty., Matthew Paul, State's Atty., Austin, for the State.

## OPINION

MEYERS, J., delivered the opinion of the Court, joined by KELLER, P.J., PRICE, HOLLAND, JOHNSON, KEASLER, HERVEY and HOLCOMB, JJ.

Appellant was convicted of theft in a bench trial and sentenced to two years in a state jail facility. The trial court suspended the sentence, placed appellant on community supervision for five years, confined

him to the county jail for ten days, assessed a $1,000 fine, and ordered him to perform 400 hours of community service. The Ninth Court of Appeals reversed appellant's conviction and entered a judgment of acquittal. *Stewart v. State,* 8 S.W.3d 832 (Tex.App.—Beaumont 2000). We granted the State's petition for discretionary review to determine whether the appellate court erred in holding that the State failed to establish venue in Montgomery County.

## I.

Appellant, the complainant's ex-husband, placed a phone call from his home in Harris County to the complainant's home in Montgomery County. During the call, appellant threatened to distribute nude pictures of the complainant to organizations in her community if she did not send him $5000 within 48 hours. The complainant reported the incident to the Conroe Police Department. Detective Gene De Forrest told the complainant that, at the time, there was no evidence of a crime and nothing he could do to help.

Prior to the deadline threatened by appellant, the complainant received a letter at her home in Montgomery County from appellant. The letter was accompanied by a flier for the complainant's business, depicting a nude photograph of the complainant. In the letter, appellant threatened to mail the fliers out to "the Conroe business and church community" if the complainant failed to pay appellant within seven days. The complainant took the flier and the letter to Detective De Forrest.

De Forrest collaborated with United States Postal Service Inspector Bruce Beckham, who had been contacted by the complainant's husband, in an attempt to orchestrate "a little 'sting' operation" and catch appellant committing theft. De Forrest and Beckham obtained $1600 in cash from the complainant at her home in Montgomery County, had her fill out a mailing address label and took all items to Beckham's office in Harris County. The money was placed in an express mail envelope and delivered to appellant at his home in Harris County by a different postal employee. After De Forrest and Beckham witnessed the delivery, they waited 20 minutes and then stopped appellant as he backed out of his driveway holding the money in his hand. Appellant was arrested, taken to Beckham's office where he signed a written statement, and transported to Montgomery County jail. Appellant was then charged by indictment with having committed theft "by acquiring and exercising control of corporeal personal property, to-wit: United States Currency."

During trial, appellant argued that the State's failure to show appellant committed an offense in Montgomery County precluded venue in that county under Texas Code of Criminal Procedure Article 13.18, the general venue statute.[1] The State countered that venue was proper in Montgomery County under the theft-specific venue statute, Texas Code of Criminal Procedure Article 13.08, because appellant exercised control over the money in that county.[2] The trial judge did not make a specific finding as to which venue statute was ap-

---

1. Texas Code of Criminal Procedure Article 13.18 provides:

    If venue is not specifically stated, the proper county for the prosecution of offenses is that in which the offense was committed.

2. Texas Code of Criminal Procedure Article 13.08, Theft, provides:

    Where property is stolen in one county and removed by the offender to another county, the offender may be prosecuted either in the county where he took the property or in any other county through or into which he may have removed the same.

plicable in appellant's case, however, it appears from his stated ruling that he found the general venue statute, Article 13.18, to be proper.[3] The trial judge then found that the theft was complete at the time the complainant transferred the money to the authorities because of appellant's threats. The judge stated that the "gravity [sic] of the crime is the deprivation" and that physical delivery of the money was not necessary to complete the crime of theft.

On appeal, appellant argued again that the general venue statute, Article 13.18, was applicable to his case and not the theft-specific venue statute, Article 13.08. Appellant then argued that the State failed to establish venue in Montgomery County under Texas Code of Criminal Procedure Article 13.18 because there was no evidence that Stewart "appropriated" the money in that county, therefore no "offense was committed" in Montgomery County. The Court of Appeals held that Article 13.08 was the proper venue statute because "the Court of Criminal Appeals has concluded article 13.08 applies to all of the offenders who are prosecuted under the consolidated theft statute." *Stewart* at 833 (quoting *Jones v. State*, 979 S.W.2d 652 at 657 (Tex.Crim.App.1998)). The Court of Appeals went on to hold that the State failed to show that appellant appropriated the money in Montgomery County

under Article 13.08. Utilizing the Penal Code's definition of theft, the appellate court found no evidence that appellant "acquired or otherwise exercised control over the currency in Montgomery County."[4] The Court of Appeals held that "the only action taken by [appellant] in Montgomery County was the inducement of the transfer of the currency. In Montgomery County, [appellant] did not conduct or direct the transfer of the money, or any instrument representing the money, and did not redirect any packages containing the money." *Stewart*, 8 S.W.3d at 837. The Court of Appeals reversed and rendered a judgment of acquittal.

## II.

We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in holding that venue was not proper in Montgomery County, under Article 13.08, because appellant did not acquire or otherwise exercise control over the money in that county.[5]

The State first asserts that it does not contest the Court of Appeal's finding that Article 13.08 is the applicable venue statute in this case. Relying on the Penal Code definitions of "theft" and "appropriate", the State argues appellant exercised control over the property "when his extor-

---

3. When making his ruling, the trial judge stated "... the crime was committed when [the defendant] did what he did, which caused [the complainants] to do what they did, and that occurred in Montgomery County ..." This tracks the language of Article 13.18, the general venue statute.

4. Texas Penal Code § 31.03, Theft, provides in part:

    (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
    Texas Penal Code § 31.01, Definitions, provides in part:

(4) "Appropriate" means:
(B) to acquire or otherwise exercise control over property other than real property.

5. Specifically, the State's ground for review asks:

    Under the Consolidated Theft Statute, does an offender exercise control over property when his extortive threats succeed in compelling the victim to part with her property?
    We also granted a ground for review brought by the State Prosecuting Attorney (SPA), but due to our disposition of this case based upon the above ground, the SPA's ground is dismissed.

tive threats succeeded in compelling the victim to part with her property." The State maintains that one can exercise control over property without having actual possession of the property, and that, because complainant parted with her money in Montgomery County as a result of appellant's actions, venue lies within that county.

Appellant initially claims that the proper venue statute in this case is Article 13.18, the general venue statute, as he argued before the Court of Appeals. Appellant also claims that regardless of whether the general statute, Article 13.18, or the theft-specific venue statute, Article 13.08, is applicable here, venue is not proper in Montgomery County because no theft was committed in that county. Appellant says there is no evidence that he acquired, possessed or exercised control over the property in Montgomery County.

### III.

■ We begin by addressing the issue of which venue statute is proper here, Article 13.08 or Article 13.18. The determination of whether one venue statute or another applies to a particular case is a mixed question of law and fact. The trial court must examine the facts of the case and apply the statutory requirements to those facts to determine whether the general venue statute or the theft-specific venue statute is appropriate. We review mixed questions of law and fact under an abuse of discretion standard when the res-

olution of the question turns on an evaluation of credibility and demeanor because, in such a situation, the trial judge is in an appreciably better position than the reviewing court to make such an evaluation. *Guzman v. State*, 955 S.W.2d 85 at 87–89 (Tex.Crim.App.1997). However, if the mixed question of law and fact does not involve an evaluation of credibility and demeanor, we review the decision *de novo*. *Id.* Determining which venue statute is applicable does not involve an evaluation of credibility or demeanor. It involves an examination of the facts as they appear on the record, and a determination of which venue statute is proper in light of those facts. The trial court does not have any particular advantage over the reviewing court in making such a determination. Therefore, we will review the holding by the Court of Appeals that the theft-specific venue statute is applicable *de novo*.

■ Article 13.08 is a specific venue statute, applicable when "property is stolen in one county and removed by the offender to another county." Therefore, the theft-specific venue statute can only be proper if the property was transported by the offender from one county to another.[6] We have said that Article 13.08 attaches venue "at the point where the accused takes control of the property." *Jones*, 979 S.W.2d at 657. It is not necessary that the offender physically remove the money from one county to another. Once appellant took control of the property and di-

---

6. The Court of Appeals' holding that the theft-specific venue statute is applicable here rests on a single sentence from *Jones*. The appellate court states in its opinion that "the Court of Criminal Appeals has concluded article 13.08 applies to all offenders who are prosecuted under the consolidated theft statute." *Jones* stands for the proposition that Article 13.08 applies to offenders "who steal the property of another person and remove that property from one county to another." *Jones*,

979 S.W.2d at 657. This does not include all prosecutions under the consolidated theft statute but only a subset of those prosecutions. Thus, our statement in *Jones* that "Art. 13.08 applies to all of the offenders who are prosecuted under the consolidated theft statute" was overbroad. There must be a determination that the offender took possession or control of the property and removed it to another county first, and then Article 13.08 can be used to determine venue.

rected its removal from one county to another, he was responsible for that removal and Article 13.08 is applicable. Therefore, for the theft-specific venue statute to apply to appellant's case, appellant must have had control of the money when the complainant was dispossessed of it and he must be responsible for its removal to Harris County. If appellant did not have control of the money until it reached him in Harris County, and he was not responsible for its removal from one county to another, then we look to the general venue statute to resolve where venue properly lies.

For the reasons given in our analysis below, we conclude that appellant did have control of the complainant's money and was responsible for its removal to Harris County from Montgomery County and Article 13.08 is the proper venue statute.

## IV.

■ Article 13.08 provides: "[w]here property is stolen in one county and removed by the offender to another county, the offender may be prosecuted either in the county where he took the property or in any other county through or into which he may have removed the same."

Whether venue properly lies in Montgomery County depends initially upon whether the $1600 was, in fact, "stolen" in that county. The term "stolen" is not defined in Article 13.08 or anywhere else in the Code of Criminal Procedure. It is logical to interpret the theft-specific venue provision in light of the terms of the con-

solidated theft statute to which it applies. Accordingly, we look to Texas Penal Code § 31.03, which defines and addresses the crime of theft.[7] The word "steal" is defined in § 31.01(7) as "to acquire property or service by theft". "Stolen" is the past participle of "steal". WEBSTER'S NEW COLLIGIATE DICTIONARY 1137 (1980). Therefore, property is "stolen" for the purposes of Article 13.08 at the moment it is "acquire[d] . . . by theft".

When is property "acquire[d] . . . by theft"? According to § 31.03(a), theft occurs when an individual "unlawfully appropriates property with intent to deprive the owner of [the] property." Furthermore, "appropriate" is defined as "to acquire or otherwise exercise control over property."[8] TEX.PEN.CODE § 31.01(4)(B). In short, the complainant's property was "stolen" in the county in which appellant "acquire[d] or otherwise exercise[d] control" over it with the intent to deprive the complainant of the property.

The question is whether the complainant's $1600 was "stolen" by appellant in Montgomery County. All parties concede that appellant did not "acquire" the money until it was delivered to him in Harris County. Therefore, the only issue is whether appellant "otherwise exercise[d] control" over the money in Montgomery County.

The Court of Appeals held that appellant could not have exercised control over the money without having "actual or 'possessory'" possession of it. *Stewart*, 8

---

7. The term "stolen" is used in Texas Penal Code § 31.03(b), which provides in part:

   (b) Appropriation of property is unlawful if:
   (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or
   (3) property in the custody of any law enforcement agency was explicitly represented

by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

8. "Appropriate" is also defined as, "to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another." TEX.PEN. CODE § 31.01(4)(A).

S.W.3d at 835. Because appellant did not have possession of the money until it was delivered to him in Harris County, the appellate court held that venue was improper in Montgomery County.[9]

■ We have previously said that Article 13.08 "applies to offenders at the moment they take control over property, either to unlawfully appropriate it or to move it." *Jones,* 979 S.W.2d at 657. We have also held that "the 'manner of acquisition' is inconsequential to the evil of a theft: the gravamen of theft is in *depriving the true owner of the use, benefit, enjoyment or value of his property,* without his consent." *McClain v. State,* 687 S.W.2d 350, 353 (Tex.Crim.App.1985).

In a separate line of cases, we have said that, upon a defendant's motion, an indictment alleging theft by unlawful appropriation of property must specify whether the defendant is alleged to have appropriated the property by transfer of title or by acquiring or otherwise exercising control over it. *Gorman v. State,* 634 S.W.2d 681 (Tex.Crim.App.1982). We reasoned that the statutory definition of "appropriate" encompasses more than one method of appropriation, and that each of those methods comprise more than one way of meeting the definition. We stated that, although " 'exercising control' was primarily directed at 'those thefts that involve only possession,' [it] also 'encompasses conduct that does not involve possession.' " *Id.* at 683 (quoting Practice Commentary following § 31.03).

Although *Gorman* did not elaborate on the type of conduct which would qualify as "exercising control" without involving possession, the commentary referred to in that case goes on to state that "a shipping clerk who reroutes a package to·a friend by substituting a new address label might not have possession, but his conduct constitutes an exercise of control. Anyone who is in a position to take some action

---

9. The Court of Appeals relied on *Weaver v. State,* 722 S.W.2d 143 (Tex.App.—Houston [1st Dist.] 1986), *no pet.* In *Weaver,* the defendant was charged in Harris County with theft of money under Article 13.08. The complainant had signed an agreement, in Harris County, to pay the defendant $5000 as a security deposit for equipment to be provided by a company the defendant was representing. The complainant gave the defendant a $5000 check in Galveston County. The check was then deposited into a company account in Harris County, but was not cashed due to insufficient funds in the complainant's account. A company representative collected on the check by personally presenting it to the complainant's bank in Galveston County. The complainant never received any equipment from the defendant's company, as was promised. The Court of Appeals held that the State had failed to prove theft of the *money* in Harris County. The lower court made clear that theft of the check could be shown to have occurred in Harris County, but that the money was never "appropriated in" or "taken to or through" Harris County and therefore venue was not proper under Article 13.08.

The Court of Appeals in this case reasoned that, in *Weaver,* "venue was found not to lie in the county where only the inducement occurred." *Stewart* 8 S.W.3d at 835. Thus, because the only thing that occurred in Montgomery County was appellant's inducement of the complainant to part with her money, venue could not properly lie there. *Id.* But the Court of Appeals in *Weaver* never discussed inducement as a factor in determining when the theft occurred. *Weaver* focused on when the actual money, as opposed to the check, was taken from the complainant's account and placed in the defendant's hands. The controlling fact in *Weaver* was that the complainant did not part with anything of consequence in Harris County. Dispossession of the check occurred in Galveston County when the complainant handed the defendant the check. Dispossession of the actual money occurred when the defendant cashed the check in Galveston County. There was no allegation in *Weaver,* as there is here, that the complainant was dispossessed of the money in one county and the defendant received the money in another county. Therefore, *Weaver* is inapposite to the instant case.

that deprives the owner of property is in a position to exercise control." Branch's 3d Edition, Texas Annotated Penal Statutes § 31.03 at 401 (Bancroft Whitney Company 1974).

■ We hold that the crucial element of theft is the deprivation of property from the rightful owner, without the owner's consent, regardless of whether the defendant at that moment has taken possession of the property. Appellant "exercise[d] control" over the property and committed theft when, by his threats, he caused the complainant to release the money to the police in Montgomery County.[10] Further, because appellant directed the removal of the money from Montgomery County to Harris County, he is responsible for that removal. Article 13.08, the theft-specific venue statute, is appropriate here and venue is proper in Montgomery County. The Court of Appeals erred in holding that venue was not proper in Montgomery County because appellant did not "exercise control" over the money in that county.

We vacate the judgment of the Court of Appeals and remand to that court to address appellant's remaining points of error.[11]

WOMACK, J., filed a concurring opinion.

WOMACK, J., concurring.

I am not sure that "because appellant directed the removal of the money from Montgomery County to Harris County, he is responsible for that removal," as the Court says, *ante* at 589. But if the Court is wrong about that, which would make Code of Criminal Procedure article 13.08 inapplicable, I am sure that venue would

lie in Montgomery County under the general venue statute, Article 13.18, for the reason given by the trial court, *see ante* at 585 n. 3. I therefore join the judgment of the Court.

---

10. The complainant testified on direct examination that giving up the money was a hardship for her and that she did not consent to appellant taking the $1600.

11. The Court of Appeals did not address two additional points of error raised by appellant because resolution of appellant's first point of error was dispositive.