TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00389-CR






Christopher B. Wallace, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 7088, HONORABLE JOE CARROLL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Christopher B. Wallace guilty of theft of $20,000 or more but
less than $100,000. See Tex. Pen. Code Ann. § 31.03(a), (e)(5) (West Supp. 2003). The district
court assessed punishment at imprisonment for five years. In four points of error, appellant
complains of inadequacies in the indictment, of the court's failure to require the State to make an
election, and of the court's failure to order a free record on appeal. We will overrule these points
and affirm the conviction.

Appellant was convicted for stealing $25,503 from Operations Management
International (OMI), a business primarily engaged in building and operating municipal water and
waste water systems. Appellant was employed by OMI and also operated a sole proprietorship
named W4E of Georgetown (W4E). In August and September 1999, W4E submitted five invoices
to OMI, ostensibly for subcontracting work done on a Lampasas project. In October 1999, OMI
issued a check for $25,503 to W4E, which constituted payment in full for the five invoices. A later
audit disclosed that the work in question was not performed.

The indictment alleged that on or about October 12, 1999, appellant "unlawfully
appropriate[d], by acquiring or otherwise exercising control over property, to wit: [between $20,000
and $100,000 in U.S. currency] with intent to deprive the owner . . . of the property." Appellant
contends the indictment should have been quashed because it did not allege the circumstance that
rendered OMI's consent to the appropriation ineffective. See Geter v. State, 779 S.W.2d 403, 407
(Tex. Crim. App. 1989); Tex. Pen. Code Ann. § 31.01(3) (West Supp. 2003). Unlike the defendant
in Geter, however, appellant did not file a motion to quash. Thus, any defect of form or substance
in the indictment was waived. Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 2003). Point
of error three is overruled.

Next, appellant urges that the court should have excluded the invoices from evidence
because they were not set out in haec verba in the indictment. He relies on the holding in Leinart
v. State, 262 S.W.2d 504, 505 (Tex. Crim. App. 1953), a prosecution for swindling under the former
penal code based on the submission of false invoices. The court held that the invoices should have
been set out in haec verba in order to render their admission proper. Id.

The court of criminal appeals has held that in haec verba pleading is required only
in cases in which the content and construction of the instrument are "the very basis of the
conviction." Terry v. State, 471 S.W.2d 848, 851(Tex. Crim. App. 1971). Although swindling was
such an offense, it has been consolidated into the single offense of theft by the current penal code.
See Tex. Pen. Code Ann. § 31.02 (West 1994). The theft offense for which appellant was prosecuted
and convicted does not require proof of a fraudulent representation as an element of the offense. It
has been suggested by commentators that modern pleading principles, as applied to the current penal
code, never require setting out a writing in haec verba, but that if the rule survives it does so only
in forgery prosecutions. 41 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice
and Procedure § 20.191 (2d ed. 2001). Finally, appellant waived any defect in the indictment by not
moving to quash before trial began. See Tex. Code Crim. Proc. Ann. art. 1.14(b). For all these
reasons, we overrule point of error four. 

After the State rested, appellant asked the court to require the State to elect between
the five invoices. Appellant's argument, then and now, is that the indictment alleged a single theft,
that each fraudulent invoice to OMI represented a separate theft, and thus the State should have been
required to elect a single invoice on which to base the prosecution. The State argued, and the court
ruled, that appellant did not appropriate OMI's money until he received OMI's check and deposited
it in his account. The State therefore reasons that there was a single theft and no election between
invoices was required. We agree.

As appellant correctly argues, a person can exercise control over property, and hence
appropriate it, without actually acquiring possession of it. See Stewart v. State, 44 S.W.3d 582, 589
(Tex. Crim. App. 2001); Tex. Pen. Code Ann. § 31.01(4)(B) (West Supp. 2003). In Stewart, the
defendant's threats caused the complainant to deliver money to the police. Stewart, 44 S.W.3d at
589. The court concluded that this was an exercise of control over the complainant's money even
though the defendant had not taken possession of it. Id. In the instant cause, appellant did not
exercise control over OMI's money in the Stewart sense until OMI's check was received and
deposited by him. Because OMI did not act on the fraudulent invoices individually, but instead
issued a single check, only one appropriation was shown and the court did not err by overruling the
motion to elect. Point of error two is overruled.

Finally, appellant contends the district court erred by failing to find that he was
indigent for purposes of appeal and by "requiring him to indenture himself to receive his right to
appeal." At the hearing on his motion for a free record, appellant testified that he had no assets
except a truck needed for his job on which $19,500 was owed, and a credit union account containing
$200. His monthly income from employment was $1996, from which he paid monthly expenses of
$1204.39 (excluding legal expenses). Appellant said he was paying an additional $891.78 per month
to his attorney on appeal, the bail bond company, and friends from whom he had borrowed money
to pay his legal expenses. The reporter's record was estimated to cost $4000. 

The court granted appellant's motion for a free record in part and denied it in part. 
The court ordered appellant to pay the clerk's $180 fee from the credit union account. The court
instructed the reporter to prepare the reporter's record, but ordered appellant to repay the county for
this expense at a rate of $100 every other week. The record was subsequently prepared and filed.

Indigency determinations must be made on a case-by-case basis and are committed
to the discretion of the trial court. Rosales v. State, 748 S.W.2d 451, 455 (Tex. Crim. App. 1987). 
On this record, we find no abuse of discretion in the court's resolution of the matter. We specifically
find no error in the court permitting appellant to pay for the reporter's record in installments. Point
of error one is overruled.

The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: January 16, 2003

Do Not Publish