NO.
12-07-00194-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROLLIE RAY SKINNER, JR.,        §                      APPEAL
FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Rollie Ray
Skinner, Jr. appeals his conviction for theft. 
After a jury found him guilty, the trial court sentenced him to eight
years of imprisonment.  In his sole
issue, he contends the evidence is insufficient to prove venue in Angelina
County.  We affirm.

 

Background

            On
October 17, 2006, Laura Davis, Appellant’s common law wife, rented a Budget
truck because she planned to move out of state the following day.  That Budget truck was caught on camera at CMC
Recycling in Lufkin, Angelina County, at 3:54 a.m. on October 18.  One or more persons entered the building at
4:27 a.m.  They loaded two large bins and
a smaller bin full of copper tubing onto the truck and left the premises at
4:58 a.m. 

            Davis
testified that Appellant had taken the truck the night of October 17 and
returned to her home in Angelina County during the early morning hours of
December 18.  She was not sure exactly
what time he woke her up but, at Appellant’s direction, she, Appellant, and
Appellant’s friend, Dwight Gipson, left in the truck at about 5:00 a.m.  They drove from her home directly to Houston.

            At
about 9:00 a.m., they were at the CMC facility in Houston trying to sell the
copper.  Appellant was identified as the
one offering to sell the material.  The
employees there declined to purchase the material because it appeared
suspicious.

            Appellant,
Gipson, and Davis then drove the truck to Bodner Metal and Iron Corporation,
also in Houston, and again attempted to sell the material.  Coincidentally, while there, the manager of
CMC in Lufkin called the owner of Bodner Metal to tell him about the theft so
he could be watching for the material. 
The trio was arrested before they could leave Bodner Metal.

            Appellant
told police officers that he was given the material while working at a
demolition job in Baton Rouge, Louisiana. 
Davis testified that she had lied when she told police that she had
taken the truck to Baton Rouge to pick up Appellant and the material.  She testified that Appellant told her to say
that, they did not go to Baton Rouge, and she did not know where Appellant got
the material.  The record shows that the
truck had traveled only 198 miles since Davis rented it on October 17.  Therefore, it could not have been driven from
Lufkin to Baton Rouge, back to Lufkin, and then to Houston.

            The
Angelina County jury found Appellant guilty of theft of the property taken from
CMC Recycling but found him not guilty of burglary of a building as charged in
count two of the indictment.

 

Venue

            In
his sole issue, Appellant asserts the trial court erred in denying his motion
for directed verdict based on the State’s failure to prove venue in Angelina
County.  He argues that none of the
evidence places him at CMC Recycling at the time of the theft and the State
failed to prove he committed the crime in Angelina County.  Instead, he argues, the necessary elements of
theft converge in Harris County and the State proved theft by receiving in
Harris County.

Applicable Law

            A
person commits theft if he unlawfully appropriates property with intent to
deprive the owner of the property.  Tex. Penal Code Ann. § 31.03(a) (Vernon
Supp. 2007).  In addition to the elements
of theft, the State is required to prove that the prosecution is being brought
in the proper venue pursuant to Chapter 13 of the Texas Code of Criminal
Procedure.  See Ex parte
Watson, 601 S.W.2d 350, 352 (Tex. Crim. App. 1980).  The general rule provides that “if venue is
not specifically stated, the proper county for the prosecution of offenses is
that in which the offense was committed.” 
Tex. Code Crim. Proc. Ann.
art. 13.18 (Vernon 2005).  The theft
specific venue statute provides, “Where property is stolen in one county and
removed by the offender to another county, the offender may be prosecuted
either in the county where he took the property or in any other county through
or into which he may have removed the same.” 
Tex. Code Crim. Proc. Ann.
art. 13.08(a) (Vernon Supp. 2007). 
Article 13.08 applies to offenders who steal the property of another
person and remove that property from one county to another.  Stewart v. State, 44 S.W.3d
582, 587 (Tex. Crim. App. 2001).  Article
13.08 attaches venue at the point where the accused takes control of the
property with the requisite intent.  Id.   

            Venue
in a criminal case need only be proven by a preponderance of the evidence.  Tex.
Code Crim. Proc. Ann. art. 13.17 (Vernon 2005);  Murphy v. State, 112 S.W.3d
592, 604 (Tex. Crim. App. 2003).  Proof
of venue may be established by direct or circumstantial evidence and the jury
may draw reasonable inferences from the evidence.  Black v. State, 645 S.W.2d 789,
790 (Tex. Crim. App. 1983); Edwards v. State, 97 S.W.3d 279, 285
(Tex. App.–Houston [14th Dist.] 2003, pet. ref’d).  The evidence is sufficient if the jury may
reasonably conclude that the offense was committed in the county alleged.  Rippee v. State, 384 S.W.2d
717, 718 (Tex. Crim. App. 1964).

Discussion

            The
copper was originally taken from CMC Recycling in Angelina County.  The truck left CMC at 4:58 and arrived at
Davis’s home, which is also in Angelina County, shortly thereafter.  Based on the record, the jury could
reasonably infer that the copper was in the truck at the time Appellant and
Gipson picked up Davis.  Even though the
jury determined the evidence was insufficient to find Appellant guilty of
burglary of the CMC building, it could reasonably conclude, based on the
evidence, that Appellant exercised control over the stolen material by the time
he got to Davis’s house.  See Hite
v. State, 650 S.W.2d 778, 783-84 (Tex. Crim. App. 1983).  Therefore, Appellant could properly be tried
in Angelina County.  See Tex. Code Crim. Proc. Ann. art. 13.08; Stewart,
44 S.W.3d at 586-87.  The trial court did
not err in denying Appellant’s motion for directed verdict.  We overrule Appellant’s sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion
delivered April 8, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)