Opinion issued November 3, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00509-CR

———————————

Monte Justus Pounds, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 339th District Court 

Harris County, Texas



Trial Court Case No. 1241976

 



 

MEMORANDUM OPINION

A
jury found appellant, Monte Justus Pounds, guilty of theft of property having a
value between $1,500 and $20,000. See
Tex. Penal Code Ann. § 31.03 (West 2010). After
finding an enhancement paragraph true, the jury assessed punishment at six
years’ confinement.  In two related
points of error, appellant contends that (1) the evidence is insufficient to
support his conviction, and (2) the jury charge was erroneous.  We affirm.

BACKGROUND

          On
October 16, 2009, David Bullock was arrested for possession of narcotics. In
exchange for leniency, Bullock identified his supplier, Donny Pham, to police.
Officers used the information provided by Bullock and arrested Pham. 

          On
November 16, 2009, appellant began sending text messages to Bullock. Appellant
warned that Bullock’s name had come up on some “paperwork” and that associates
of Pham had Bullock’s home address. In one text message, appellant wrote, “U
want my help pulling these niggas off of u . . . . That
aint gonna be cheap!”
Another message suggested that Bullock and his parents might be harmed if
Bullock did not provide the appellant money. 

          Bullock
consulted law enforcement officials. Acting on these officials’ advice, Bullock
arranged a meeting with appellant. Bullock and Kirk Bonsal,
an investigator from the district attorney’s office, planned to deliver $1,700
of the district attorney’s money to appellant. Appellant indicated that this
delivery should take place at a local restaurant and that the money should be
given to a female bartender known as “Duck.” 

          Bullock
and Bonsal went to the restaurant. Despite initial
difficulties in locating Angelica “Duck” Grijalva, Bonsal eventually gave Grijalva
an envelope containing the $1,700. Appellant and his girlfriend, Diane Harbin,
arrived at the restaurant shortly thereafter. Harbin went inside to retrieve
the money from Grijalva, while appellant waited in
the parking lot. Inside, Grijalva handed Harbin the
envelope containing the $1,700. Appellant fled when approached by police in the
parking lot. A short time later, appellant returned to the restaurant and was
arrested. 

SUFFICIENCY OF THE EVIDENCE

          In
his first point of error, appellant contends that the evidence is insufficient
to support his conviction. 

Standard of Review

This Court reviews
sufficiency of the evidence challenges applying the same standard of review,
regardless of whether an appellant presents the challenge as a legal or a
factual sufficiency challenge. See Ervin v. State, 331 S.W.3d 49, 52–55
(Tex. App.—Houston [1st Dist.] 2010, pet. ref’d) (construing
majority holding of Brooks v. State,
323 S.W.3d 893, 912, 924–28 (Tex. Crim. App. 2010)). This standard of review is
the standard enunciated in Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). See id.
Pursuant to this standard, evidence is insufficient to support a conviction if,
considering all the record evidence in the light most favorable to the verdict,
no rational fact finder could have found that each essential element of the
charged offense was proven beyond a reasonable doubt. See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071
(1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim.
App. 2009); Williams v. State, 235
S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient
under the Jackson standard in two
circumstances: (1) the record contains no evidence, or merely a “modicum” of
evidence, probative of an element of the offense, or (2) the evidence
conclusively establishes a reasonable doubt. See Jackson,
443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11, 2789; see also Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750. 

Applicable Law

A person commits theft
if he unlawfully appropriates property with intent to deprive the owner of
property. Tex. Penal
Code Ann. § 31.03 (West 2010).  “Appropriate” means to acquire or otherwise
exercise control over property other than real property. Id. “Exercising control” encompasses conduct that does not involve
possession. Gorman v.
State, 634 S.W.2d 681, 683 (Tex. Crim. App. 1982).  “[T]he ‘manner of
acquisition’ is inconsequential to the evil of a theft . . . .” McClain v. State, 687
S.W.2d 350, 353 (Tex. Crim. App. 1985). 
“[T]he crucial element of theft is the deprivation of property from the
rightful owner, without the owner’s consent, regardless of whether the
defendant at that moment has taken possession of the property.” Stewart v. State, 44 S.W.3d
582, 588 (Tex. Crim. App. 2001).  

Discussion

At trial, the jury was
instructed on the law of the parties; that instruction did not name Grijalva or Harbin. The jury charge instructed a finding of
guilt if appellant unlawfully appropriated the $1,700 himself, or if Donny
Pham, Asian Rick, and/or an unknown person or persons unlawfully appropriated
the $1,700 and appellant solicited, encouraged, directed, aided or attempted to
aid them in committing the offense.   

Appellant argues that
because sufficiency is measured against a hypothetically correct charge, see Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997), and the charge did not name Grijalva and Harbin, the evidence can be sufficient only if
(1) appellant appropriated the money himself, (2) appellant solicited,
encouraged, directed, aided or attempted to aid Donny Pham, and Pham committed
the theft, (3) appellant solicited, encouraged, directed, aided or attempted to
aid “Asian Rick,” and “Asian Rick” committed the theft, or (4) appellant
solicited, encouraged, directed, aided or attempted to aid an unknown person
who committed the theft. Appellant argues that because “the Appellant never
received the money himself . . . the State had to rely on the law of parties,”
and its evidence was insufficient under the charge submitted because there was
no evidence that Donny Pham or “Asian Rick” committed the offense, and Grijalva and Harbin were not “unknown persons.”  

The State responds
that, while it did submit a charge on the law of parties, the evidence here was
sufficient to show appellant guilty as a principal.  We agree. Actual possession is not necessary
for the crime of theft.  See Stewart,
44 S.W.3d at 589. In Stewart, the “[a]ppellant ‘exercise[d]
control’ over the property and committed theft when, by his threats, he caused
the complainant to release the money to the police . . . .”  44 S.W.3d at 589.

The jury could have
reasonably concluded that appellant’s text messages threatened Bullock and
directly led to the transfer of the $1,700. Appellant then exercised control
over the money and committed theft when he orchestrated the series of transfers
and, by his threats, caused Bonsal to give the $1,700
to Grijalva.  See Id.

The jury could have
reasonably concluded from, inter alia,
appellant’s text messages that appellant acted with the intent to deprive Bonsal of the property. Accordingly, there is sufficient
evidence to show that appellant, acting as principal, was guilty of theft. See Tex.
Penal Code Ann. § 31.03
(West 2010). 

Considering all the
record evidence in the light most favorable to the verdict, a rational jury
could have found that each essential element of the charged offense was proven
beyond a reasonable doubt on one of the theories on which the jury was charged.
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.

JURY CHARGE

          In
his second point of error, appellant contends that the trial court erred in
instructing the jury on the law of parties. 
Appellant argues that a correct jury charge would have named Grijalva and/or Harbin in its instruction on the law of
parties.

Appellant contends
that this error was committed “at the State’s urging over the objection of the
appellant.” This is incorrect.  Defense
counsel objected to the jury charge at trial asserting that “I don’t believe
there’s been any evidence that’s been presented nor has there been any
testimony in and of itself that directly indicates that my client and anyone
else were acting together in order to commit the offense[]
of . . . theft.” At trial, appellant objected that no evidence had been
introduced to support the charge that appellant acted together with another
party; on appeal, appellant asserts that the charge should have named Grijalva and/or Harbin because appellant and Grijalva and/or Harbin were acting together. The error
alleged on appeal is not the same error objected to at trial. 

Because the appellant
did not properly object to the error asserted on appeal we review the error to
see if it was so egregious that appellant was denied a fair and impartial trial.
See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984). 

For both preserved and
unpreserved charging error, the actual degree of harm is assessed in light of
the entire jury charge, the state of the evidence, including the contested
issues and weight of the probative evidence, the argument of counsel, and any
other relevant information in the record. Id.;
see also Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). “Where
the evidence clearly supports a defendant’s guilt as a principal actor, any
error of the trial court in charging on the law of parties is harmless.” Black v. State, 723
S.W.2d 674, 675 (Tex. Crim. App. 1986).

CONCLUSION

We affirm the trial
court’s judgment. 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists of Chief Justice Radack and Justices
Bland and Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).