

# NUMBER 13-17-00235-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GRETCHEN ELAINE SCHIPPER,                                 **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

### On appeal from the 207th District Court
### of Comal County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

By one issue, appellant Gretchen Schipper appeals her conviction for four counts of theft of a firearm, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(C) (West, Westlaw through 2017 1st C.S.). Schipper alleges the evidence is insufficient to support her conviction. We affirm.

## I. BACKGROUND[1]

Schipper was charged by indictment with five counts of theft: count one, theft of property in an amount of more than fifteen hundred but less than twenty thousand dollars, a state jail felony, *see id.* § 31.03(e)(4)(A) and counts two through five, theft of a firearm, *see id.* § 31.03(e)(4)(C). The indictment alleged Karen McCarty (Karen), Schipper's mother, as the complainant in all the counts.

At trial, the State put on testimony from Karen and Darren McCarty (Darren), Schipper's stepfather. Karen explained that Schipper had been allowed to live at their residence in late 2013, but they required Schipper to live in their garage because "items would go missing" when Schipper was around and they did not want her living in their home. Karen testified that their master bedroom had a separate lock on the door and Schipper did not have keys to either the bedroom or home. Karen and Darren had noticed items missing, such as a sewing machine, video camera, amethyst pendant, car stereo, and kayak. After Christmas 2013, they noticed several firearms missing from their master bedroom. Karen stated the firearms belonged to Darren. The missing firearms prompted Karen and Darren to notify the police and after the report was made, Schipper cut off contact with Karen. Karen also explained that some firearms were willed to Schipper by her grandfather, but these were not the same firearms that were missing. Karen testified that she never gave Schipper permission to take the missing items, especially the firearms.

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Third Court of Appeals in Austin. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

Darren testified that Schipper lived with them on and off and had lived in the garage at one point. Darren stated Schipper could not be trusted to live in the house because "things" went missing on a regular basis when she was around. Darren said he noticed the firearms were missing when he moved a gun case and noticed how light it felt. Upon opening the gun cases in his master bedroom, he found four firearms to be missing: a Remington 870 series 12-gauge shotgun, a .38 Smith and Wesson revolver, and two .22 pistols. Darren also explained that Schipper had no reason to think the guns were hers, as he had neither shown them to her nor allowed her to use them.

Rey Rocha, the director of the Money Mart Pawn shop in Universal City, Texas testified that he had purchased four firearms from Schipper. He identified Schipper and stated that she had been in the shop late in 2013. Rocha produced the pawn tickets, and the tickets showed Schipper had pawned a Remington 871 12-gauge shotgun, a Tanfoglio .22 revolver, a Smith and Wesson .38 revolver, and a New England .22 revolver for a total of $600.

Detective Joe Tovar of the New Braunfels Police Department investigated the report made by Karen and Darren. He testified there was no evidence of anyone breaking into the home. Detective Tovar compiled a list of missing items and searched local pawn shops. Detective Tovar stated he was able to recover some of the items Karen and Darren alleged were missing from the home that were pawned by Schipper.

Schipper put on testimony both from her father and herself. Louis Schipper testified that Schipper was an avid shooter but did not know if Darren had given Schipper the guns.

3

Schipper testified that everything that was alleged to be stolen was given to her. Schipper stated that Darren had given her the firearms in the fall of 2013 because she told Darren she wanted to get back into shooting. Schipper said she used the firearms a few times and then pawned them.

The jury found Schipper not guilty on count one and guilty of counts two through five. The trial court sentenced Schipper to two years in the state jail division of the Texas Department of Criminal Justice but probated her sentence for five years. This appeal followed.

## II. EVIDENCE WAS SUFFICIENT

By her sole issue, Schipper alleges the evidence was insufficient to support her conviction for theft of a firearm. Specifically, Schipper argues there was no evidence presented at trial that Karen had ownership of the firearms.

### A. Standard of Review

When evaluating a sufficiency challenge, the reviewing court views the evidence in the light most favorable to the verdict to determine whether a rational jury could find the defendant guilty beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To reverse a conviction based on insufficient evidence, Schipper must show that no rational jury could have found all the elements of the offense beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 902. The key question is whether "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (quoting *Williams v. State*,

4

235 S.W.3d 742, 750 (Tex. Crim. App. 2007)).   The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and a reviewing court is not to substitute its judgment as to facts for that of the jury as shown through its verdict. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).   When the reviewing court is faced with a record supporting contradicting inferences, the court must presume that the jury resolved any such conflict in favor of the verdict, even if it is not explicitly stated in the record.   *Id.*

A reviewing court must measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.   *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc)).   Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.   *Id.*

### B.     Applicable Law

Under a hypothetically correct jury charge, the elements of theft are:   a person commits an offense if she unlawfully appropriates property with intent to deprive the owner of the property.   TEX. PENAL CODE ANN. § 31.03(a).   Appropriation of property is unlawful if it is without the owner's effective consent.   *Id.* § 31.03(b).   Owner means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.   *Id.* § 1.07(35)(A) (West, Westlaw through 2017 1st C.S.).   Possession is defined as actual care, custody, control,

5

or management.  *Id.* § 1.07(39) (West, Westlaw through 2017 1st C.S.).  A firearm means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use.  *Id.* § 46.01 (West, Westlaw through 2017 1st C.S.).

## C.    Discussion

Proof of ownership may be shown by circumstantial evidence.  *Campos v. State*, 317 S.W.3d 768, 774 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).  The term "owner" is to be broadly defined to protect all ownership interests from criminal conduct.  *Id.*  The "gravamen of theft is in *depriving the true owner of the use, benefit, enjoyment or value of his property*, without his consent."  *Byrd v. State*, 336 S.W.3d 242, 250 (Tex. Crim. App. 2011) (quoting *Stewart v. State*, 44 S.W.3d 582, 588–89 (Tex. Crim. App. 2001)) (emphasis in original).  Thus, the gravamen of theft is two-pronged—taking certain specified property away from its rightful owner or depriving that owner of its use and enjoyment.  *Id.* at 250–51.  Ownership and appropriation of property are both important. *Id.* at 251.

The name of a specific owner is not a substantive element of the offense of theft. *See id.*  The existence of the specific owner is *an element*, but not his name.  *Id.* (emphasis added).  Nowhere in the penal code is the name of the owner made a substantive element of theft.  *Id.*  However, the Texas Code of Criminal Procedure, as a matter of state law, requires the State to allege the name of the owner of property in its charging instrument.  *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 21.08 (West, Westlaw

6

through 2017 1st C.S.)).[2] Under Texas pleading rules, ownership may be alleged in either the actual owner or a special owner. *Id.* at 251–52. A special owner is a person who has actual custody or control of property that belongs to another person. *Id.* "To eliminate the distinctions between general and special owners, and to give ownership status to anyone with a rational connection to the property, the legislature has given "owner" an expansive meaning," under the definition in penal code section 1.07(35). *Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011).

Schipper argues that she is entitled to an acquittal because the State alleged Karen as the owner of the firearms, when the firearms actually belongs to Darren. The State counters that Karen had a greater right to possession of the firearms than Schipper did; therefore, Karen is the owner under the penal code definition. *See* TEX. PENAL CODE. ANN. § 1.07(35)(A).

Under the definition, Karen could be seen as a rightful owner of the firearms. Although she testified that the firearms belonged to Darren, Karen and Darren were married, and the firearms were kept in their shared, locked master bedroom. Karen knew the firearms were in her bedroom and stated that Schipper did not have permission to take items from Karen and Darren's home. Darren agreed that Schipper had no reason to think the firearms were hers and could be taken. Therefore, we conclude Karen qualifies as an owner of the firearms due to her having a greater right to possession of the firearms than Schipper. *See id.*; *Campos*, 317 S.W.3d at 775. The State

---

[2] Article 21.08 states "where one person owns the property, and another person has possession of the same, the ownership therefore may be alleged to be in either." TEX. CODE CRIM. PROC. ANN. art. 21.08 (West, Westlaw through 2017 1st C.S.)

7

provided sufficient evidence for the jury to believe Karen was an owner of the firearms.

We overrule Schipper's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of July, 2018.

8