

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-18-00221-CR

_____

**DARYL JOE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. D37693-CR**

_____

## MEMORANDUM OPINION ON REMAND

_____

Appellant, Daryl Joe, was convicted of cargo theft. *See* TEX. PENAL CODE ANN. §

31.18(b)(1), (c)(2). On original submission, Joe argued that the evidence was insufficient

to support his conviction. *See Joe v. State*, 620 S.W.3d 834, 835 (Tex. App.—Waco 2021)

("*Joe I*"), *remanded by Joe v. State*, No. PD-0268-21, ___ S.W.3d___, 2022 Tex. Crim. App.

LEXIS 417 (Tex. Crim. App. June 22, 2022) ("*Joe II*") (publish). A majority of this Court

concluded that the evidence is sufficient to support Joe's conviction. *Id.* at 838.

Thereafter, Joe filed a petition for discretionary review in the Court of Criminal Appeals. *See, e.g., Joe II*, 2022 Tex. Crim. App. LEXIS 417, at **1-14. After review, the Court of Criminal Appeals concluded that the mattresses involved in this case were cargo and that Joe possessed them. *See id.* at **13-14. Rather than reversing and vacating this Court's judgment, the Court of Criminal Appeals remanded the proceeding for this Court to consider whether Joe conducted an activity in which he possessed stolen cargo. *See id.* at **13-14. In light of the Court of Criminal Appeals's decision in *Joe II*, we requested supplemental briefing from the parties. After review, we once again affirm Joe's conviction.

**Analysis**

Because the facts of this case have been recited in both prior opinions in this proceeding, we will not repeat them again, except for those that are necessary to explain our decision at this juncture. *See Joe II*, 2022 Tex. Crim. App. LEXIS 417, at **1-5; *see also Joe I*, 620 S.W.3d at 836-38. As stated earlier, the Court of Criminal Appeals concluded that the mattresses involved in this case were cargo and that Joe possessed them. *See Joe II*, 2022 Tex. Crim. App. LEXIS 417, at **13-14. We have been directed to determine whether Joe conducted an activity in which he possessed stolen cargo. *See id.* at **13-14.

Section 31.18(b)(1) of the Texas Penal Code provides that:

(b) A person commits an offense if the person:

(1) knowingly or intentionally conducts, promotes, or facilitates an activity in which the person receives, possesses, conceals, stores, barters, sells, abandons, or disposes of:

(A) stolen cargo; or

(B) cargo explicitly represented to the person as being stolen cargo . . . .

TEX. PENAL CODE ANN. § 31.18(b)(1). Moreover, a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of the property. *Id.* § 31.03(a). "Appropriate" means "to acquire or otherwise exercise control over property." *Id.* § 31.04(4)(B).

Property is "stolen" at the moment it is acquired by theft. *See Stewart v. State*, 44 S.W.3d 582, 587 (Tex. Crim. App. 2001); *see also Joe II*, 2022 Tex. Crim. App. LEXIS 417, at *13. Here, the evidence established that when Joe backed his blue Volvo semi-truck underneath the JB Hunt trailer, the trailer contained cargo—mattresses—as defined in section 31.18(a)(1). *See* TEX. PENAL CODE ANN. § 31.18(a)(1); *see also Joe I*, 620 S.W.3d at 837. The Court of Criminal Appeals determined that Joe's action at this point was sufficient to show possession. *See Joe II*, 2022 Tex. Crim. App. LEXIS 417, at **12-13; *see also* TEX. PENAL CODE ANN. § 1.07(a)(39) (defining "[p]ossession" as having "actual care, custody, control, or management"). At the time he possessed the cargo, a rational jury could conclude that he intended to exercise control over the cargo so as to deprive the owner of the property. *See* TEX. PENAL CODE ANN. § 31.04(4)(B). Thus, Joe stole the cargo at the time he backed the truck underneath the trailer. *See Stewart*, 44 S.W.3d at 587.

Thereafter, Joe exited the truck and tried to connect the brake lines and lights when Juan Carlos Perez, a warehouse supervisor for Corsicana Bedding, showed up and started taking pictures. *See Joe I*, 620 S.W.3d at 837; *see also Joe II*, 2022 Tex. Crim. App. LEXIS 417, at *12. Joe's continued possession of the cargo while connecting the brake lines and lights constitutes an activity in which he possessed stolen cargo, as defined in section 31.18(b)(1). *See* TEX. PENAL CODE ANN. § 31.18(b)(1). In other words, contrary to Joe's assertions, the activity alleged and proven by the State occurred *after* he stole the cargo.

Despite the foregoing, Joe contended on original submission and in the Court of Criminal Appeals that even if he possessed stolen cargo, any activity the State alleged that he conducted occurred before the cargo was stolen. Thus, Joe asserts that the cargo theft statute was not intended to reach his conduct, and the evidence did not establish a violation of the cargo theft statute. We disagree.

In arguing that the cargo theft statute does not reach his conduct, Joe relies exclusively on the Court of Criminal Appeals's interpretation of the organized retail theft statute in *Lang v. State*, 561 S.W.3d 174 (Tex. Crim. App. 2018). The organized retail theft statute provides, in pertinent part: "(b) A person commits an offense if the person intentionally conducts, promotes, or facilitates an activity in which the person receives, possesses, conceals, stores, barters, sells, or disposes of: (1) stolen retail merchandise . . . ." TEX. PENAL CODE ANN. § 31.16(a). In analyzing the organized retail theft statute, the Court of Criminal Appeals noted that:

By its use of the past participle of steal (e.g., "stolen"), the statute indicates that whatever "activity" is covered takes place with respect to retail merchandise that has already been stolen. The question then arises as to what type of "activity" would suffice to satisfy the statute's requirements. Is it enough, as the court of appeals suggested, for a person to shoplift items of retail merchandise and then attempt to leave the store with the stolen items, thereby conducting an activity (leaving the store) in which the person possesses the retail merchandise she has just stolen? . . . Or, on the other hand, as appellant suggests, does the entire statutory phrase, "intentionally conducts, promotes, or facilitates an activity in which the person receives, possesses, conceals, etc. . . . stolen retail merchandise," indicate that the statute requires proof of some activity distinct from the conduct inherent in shoplifting itself—that is, does the statute require proof of something more than the mere continued possession of stolen retail merchandise during an attempt to leave the store following the simple act of shoplifting?

*Lang*, 561 S.W.3d at 181.

After concluding that the statute was ambiguous and reviewing legislative history, the *Lang* Court determined that the organized retail theft statute "was not intended to apply to the conduct of an ordinary shoplifter acting alone." *Id.* at 183. Rather, "the statute was enacted for the purpose of targeting professional theft rings involved in the large-scale theft, transfer, repackaging, and reselling of stolen retail merchandise." *Id.* "Nothing about the legislative history signals that this statute was intended to broadly apply to all people who commit ordinary shoplifting of retail merchandise." *Id.*

In the instant case, Joe advocates for an interpretation of the cargo theft statute that is similar to the *Lang* Court's interpretation of the organized retail theft statute. General statutory construction rules require us to interpret a statute in accordance with its plain meaning unless the language is ambiguous or the plain meaning leads to absurd results

that the Legislature could not have intended. *Wagner v. State*, 539 S.W.3d 298, 306 (Tex. Crim. App. 2018).

> In determining plain meaning, we employ the rules of grammar and usage, and we presume that every word in a statute has been used for a purpose and that each word, clause, and sentence should be given effect if reasonably possible. If a word or a phrase has acquired a technical or particular meaning, we construe the word or phrase accordingly. If, after using these tools of construction, the language of the statute is ambiguous, we can resort to extratextual factors to determine the statute's meaning.

*Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015) (internal citations omitted).

A statute is ambiguous if it may be reasonably susceptible to more than one meaning. *Baird v. State*, 398 S.W.3d 220, 229 (Tex. Crim. App. 2013).

We do not find the cargo theft statute to be ambiguous.[1] Unlike the organized retail theft statute, the cargo theft statute here does not clearly delineate between cargo theft and organized cargo theft. Moreover, based on a review of the plain language, the

---

[1] Despite the fact that we conclude that the cargo theft statute is unambiguous and a court should resort to extra-textual factors only when the statute is ambiguous, we note that the bill analysis provides that the statute was designed to create a separate category of offense called cargo theft for "failure to deliver cargo to its destination as contracted, or causing the seal to be broken on a vehicle containing cargo." Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 1828, 84th Leg., R.S. (2015), *at* https://capitol.texas.gov/tlodocs/84R/analysis/html/SB01828S.htm. This appears to correspond with section 31.18(b)(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 31.18(b)(2). However, the bill analysis also provides that "*anyone* who 'conducts, promotes, or facilitates an activity' involving the receipt, possession, concealment, storage, sale, or abandonment of stolen cargo is guilty of the offense of cargo theft." Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 1828, 84th Leg., R.S. (2015), *at* https://capitol.texas.gov/tlodocs/84R/analysis/html/SB01828S.htm. (emphasis added). This corresponds with section 31.18(b)(1) of the Texas Penal Code and undermines Joe's contention that section 31.18(b)(1) of the Texas Penal Code "was designed to get the other actors—the bigger fish." *See* TEX. PENAL CODE ANN. § 31.18(b)(1).

cargo theft statute was intended to target individual drivers, as well as large theft rings.[2]

*See* TEX. PENAL CODE ANN. § 31.18(b).  Joe asserts that section 31.18(b)(1) applies only to a

theft ring, whereas section 31.18(b)(2) applies only to drivers.  *See id.*  While we agree that

section 31.18(b)(2) applies only to drivers, the wording of section 31.18(b)(1) can apply to

any person, regardless of whether they are a driver.  *See id.*  If we were to accept Joe's

interpretation of section 31.18(b)(2), it would lead to an absurd result because section

31.18(b)(2) only applies to drivers who are "lawfully contracted to transport a specific

cargo."  *Id.* § 31.18(b)(2); *see Yazdchi v. State*, 428 S.W.3d 831, 837-38 (Tex. Crim. App. 2014)

("When statutory language is clear and unambiguous, we give effect to its plain meaning

unless to do so would lead to absurd consequences that the legislature could not have

possibly intended.").  If section 31.18(b)(1) only applies to theft rings, as Joe argues, and

if section 31.18(b)(2) only applies to drivers who are lawfully contracted to transport a

specific cargo, then a driver who is not lawfully contracted to transport a specific cargo

but simply drives into a shipping yard and steals cargo cannot be guilty of cargo theft,

but a driver who is lawfully contracted to transport specific cargo and takes the same

---

[2] Interestingly, although Joe attempts to differentiate this incident from those involving "bigger fish" or "sophisticated organized crime rings," the record reflected that Joe told police that he had been employed for four days as a driver for Holland Trucking Company and that a man named Cliff had paid him cash to pick up the trailer at the shipping yard for Corsicana Bedding.  *See Joe v. State*, No. PD-0268-21, ___ S.W.3d ___, 2022 Tex. Crim. App. LEXIS 417, at *4 (Tex. Crim. App. June 22, 2022).  The temporary tag inside the truck that Joe drove was registered to Clifford Lewis.  *Id.*  Lewis refused to testify, but in his interview with police, Lewis indicated that the truck that was driven by Joe was owned by "Harley," who allowed Joe to live in the truck.  *Id.*  Additionally, Lewis told police that "Stephen" hired Joe to pick up the load at the shipping yard for Corsicana Bedding.  *Id.*  In other words, the testimony suggested that Joe may not have been acting alone.

actions can be. *See* TEX. PENAL CODE ANN. § 31.18(b). This is an absurd result that Legislature could not have possibly intended. *See id.; see also Yazdchi*, 428 S.W.3d at 837-38. Instead, a proper construction of section 31.18(b)(1) must apply to any person, regardless of whether they are a driver, and necessarily includes Joe's actions in this case. *See* TEX. PENAL CODE ANN. § 31.18(b)(1).

Additionally, we are not persuaded by Joe's reliance on the tense of the word "stolen" in section 31.18(b)(1)(A). *See id.* § 31.18(b)(1)(A) (referring to "stolen cargo"). As mentioned earlier, the cargo was stolen at the same time Joe backed his truck underneath the trailer. A rational jury could conclude that Joe's continued possession of the cargo while connecting the brake lines and the lights satisfied the activity requirement of section 31.18(b)(1). *See id.* § 31.18(b)(1).

Viewing the evidence in the light most favorable to the jury's verdict, a rational factfinder could have found beyond a reasonable doubt that Joe committed the offense of cargo theft. *See id.* § 31.18(b)(1); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018). Accordingly, we once again overrule Joe's sole issue on appeal.

**Conclusion**

We affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed June 7, 2023
Do not publish
[CRPM]

